CASE NO. 22-15260

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

THE ESTATE OF ISABELLA "BELLA", et al.

*Appellants,*

vs.

NETFLIX, INC.

*Appellee.*

Appeal From The United States District Court,
Northern District of California, Case No. 4:21-cv-06561-YGR,
Hon. Yvonne Gonzalez Rogers

APPELLEE NETFLIX, INC.'S RESPONSE TO APPELLANTS' MOTION FOR EXTENSION OF TIME TO FILE APPELLANTS' OPENING BRIEF & EXCERPTS OF RECORD

| MUNGER, TOLLES & OLSON LLP | MUNGER, TOLLES & OLSON LLP |
|---|---|
| Blanca F. Young | Jennifer L. Bryant |
| 560 Mission Street | Cory M. Batza |
| Twenty-Seventh Floor | 350 South Grand Avenue |
| San Francisco, California 94105-2907 | Fiftieth Floor |
| Telephone: (415) 512-4000 | Los Angeles, California 90071-3426 |
| Facsimile: (415) 512-4077 | Telephone: (213) 683-9100 |
| | Facsimile: (213) 687-3702 |

Attorneys for Appellee NETFLIX, INC.

# I.
# **INTRODUCTION**

Appellant's opening brief was due yesterday, September 19, 2022, but they did not file it. Instead, they waited until the last minute—11:58:22 pm yesterday—to move for a 30-day extension to file the brief, after having already obtained one lengthy extension of the briefing schedule to accommodate mediation proceedings, and *another* 30-day extension through a streamlined request. Young Decl. Ex. 1; Dkts. 10, 13.[1] Appellants' conduct demonstrates a stunning lack of diligence, and they have no excuse for their delay. While Netflix would never refuse an extension to deal with true exigencies—and would not have objected to a short one-week extension here as a courtesy—the lengthy additional extension Appellants seek is not justified. Appellants have already effectively helped themselves to an extension by waiting until the very last minute to move for relief, denying Netflix the opportunity to oppose the motion before the brief was due. The Court should not reward these tactics by giving Appellants an additional 30 days to file their brief. Instead, the Court should order Appellants to file their brief by no later than September 27, 2022.

---

[1] Unless otherwise noted, all references to "Dkt" are to the Ninth Circuit's Docket in this appeal; reference to "Circuit Rules" are to the local rules of Ninth Circuit; references to "Mot." are to Appellants' motion for an additional 30-day extension of time to file their opening brief; and references to the "Young Decl." are to the Declaration of Blanca F. Young submitted in support of Netflix's opposition to Appellants' Motion.

## II.

## ARGUMENT

A. <u>**Appellant's Motion is Untimely**</u>

Circuit Rule 31-2.2(b) requires that a motion seeking an extension of time to file a brief "shall be filed at least 7 days before the expiration of the time prescribed for filing the brief." Appellants missed the deadline and have no excuse for doing so. Appellants' counsel was or should have been aware of each of the five proffered reasons for the extension request as of last week, at least: (1) the case was released from mediation on September 15 after an unsuccessful in-person mediation on August 11; (2) lead counsel's three-week honeymoon was "pre-planned"; (3) the legislation that Appellants rely on to argue there should be an extension was enacted last week; (4) the "change in team composition" clearly did not happen overnight; and (5) the "time sensitive demands" that have purportedly interfered with the preparation of the appeal occurred "over the last 30 days." Mot. at 2-9. Although Appellants have known about these issues since at least last week (and in some cases, for many weeks) they failed to contact Netflix about an extension until yesterday afternoon and did not file their motion until a minute before midnight. Young Decl. ¶ 4, Ex. 2. The request for an extension is untimely, and appears to have been filed at the last minute so Appellants could grant themselves a de facto extension.

2

B.     **Appellants Have Not Demonstrated Diligence or Substantial Need**

"[A]n extension of time may be granted only upon written motion supported by a showing of diligence and substantial need." Circuit Rule 31-2.2(b). Appellants have shown neither. Instead, they offer five excuses that, on inspection, show they have not in fact been diligent and do not have a substantial need for another 30-day extension.

*Excuse #1: Mediation*. The fact that this case was referred to mediation is not a reason to grant Appellants an additional 30 days to file their opening brief. This appeal was docketed seven months ago, on February 23, 2022. Dkt. 1. The Ninth Circuit mediator scheduled a mediation for June 29, 2022 and amended the briefing schedule previously set by the Court to make Appellant's opening brief due August 18, 2022 rather than May 31, 2022. Dkt. 1-1 at 2; Dkt 10. On June 28, 2022, the mediation was rescheduled to August 11, 2022. Dkt. 11. The mediator did not amend the briefing schedule in light of the new mediation date. On August 11, 2022 the parties attended an in-person mediation. The mediator did not amend the briefing schedule following the in-person mediation. Instead, Appellants filed a request for a streamlined extension on August 16, 2022, seeking a 30-day extension. Dkt. 12. The Court granted the request, making Appellants' opening brief due September 19, 2022. Dkt. 13. Although the case was not formally released from mediation until September 15, 2022, the mediator did not amend the

3

briefing schedule further, and, as the Circuit Advisory Committee Note to Ninth Circuit Rule 33-1 makes clear, "[t]he briefing schedule established by the Clerk's office at the time the appeal is docketed remains in effect unless adjusted by a court mediator to facilitate settlement, or by the Clerk's office pursuant to Circuit Rule 31-2.2." Appellants were well aware of this rule, and should have been preparing their brief to meet the Court's already-extended deadline. The mediation does not provide good cause to grant an additional 30-day extension.

***Excuse #2: Lead counsel's pre-planned honeymoon.*** Appellants' next excuse is that their lead counsel had a "pre-planned" three-week honeymoon that "coincided with the recent briefing period." Mot. at 2. Appellants have had seven months to prepare their opening brief since this appeal was docketed and notably fail to specify when, within the "recent briefing period," their lead counsel had his three-week honeymoon. The calendar for this case is not a surprise, nor was the "pre-planned" honeymoon. Appellants should have planned accordingly. Moreover, their lead counsel is not the only attorney working on this matter. Appellants are represented by no fewer than three law firms (the Digital Justice Foundation, The Dignity Alliance, and Hamilton Law) and at least a half-dozen attorneys. While Appellants say that members of their team have been busy with other matters (see Excuses #4 and 5), multiple attorneys for Appellants have been, and continue to be, active participants in this matter. For example, three attorneys

4

for Appellants were included in Appellants' communications with Netflix about this motion. Young Decl. Ex. 2.

*Excuse #3: Recently-enacted legislation.* Appellants' next excuse is that the California legislature enacted legislation last week that counsel needs time to consider. Neither piece of legislation has any bearing on this case. The first piece of legislation that Appellants cite, AB-2273, the California Age-Appropriate Design Code Act, does not go into effect until July 1, 2024, is to be enforced against businesses violating its provisions "only" by the California Attorney General, and concerns privacy protections for children using online services. Cal. Civ. Code §§ 1798.99.31(d), 1798.99.35(a).[2] Appellants do not explain how this legislation bears upon any of the issues on appeal, which relate to Netflix's distribution of a television program that Appellants deem inappropriate for minors, or why they need 30 days to review the legislation.

The second piece of legislation is AB-587, "Social media companies: terms of service."[3] As the title suggests, this statute requires social media companies to post terms of service and submit a report about their terms of service to the Attorney General. It does not apply to companies like Netflix that do not operate

---

[2] https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=202120220AB2273.
[3] https://leginfo.legislature.ca.gov/faces/billTextClient.xhtml?bill_id=202120220AB587.

social networks,[4] and it has nothing to do with the issues in this case. Appellants acknowledge that "it's not clear that this law is directly applicable—and it may not be given its definition of social media providers." Mot. at 7.

Notably, when Netflix asked Appellants why they needed a 30-day extension, Appellants did not make any mention of recently-enacted legislation despite acknowledging in their Motion that they were aware of at least one of the bills. Young Decl. ¶ 4, Ex. 2; Grimm Sept. 19, 2022 Decl. ¶ 4(c) ("I only learned of [one of the bills] today and the other I learned about from my lead appellate counsel on Wednesday, September 14, 2022"). Apparently, they did not identify the other one sometime after 5:40 pm yesterday, their last email advising Netflix of the basis for their motion. *Id.* The two pieces of legislation Appellants rely upon have nothing to do with the issues on appeal, but because they were enacted last week, Appellants are using them as a pretext for their belated extension request. Regardless, if Appellants believe that there is some way in which this legislation is at all germane to the issues on appeal, a one-week extension is sufficient for them

---

[4] The statute applies to "social media companies" that operate one or more "social media platforms," *i.e.*, internet-based services that "connect users in order to allow users to interact socially with each other within the service or application" and allow users to construct a profile to sign in, populate a list with whom an individual shares a social connection within the system, and create or post content viewable by other users. Cal. Bus. Prof. Code § 22675 (d), (e).

6

to review the legislation and incorporate anything they want to say about it in their appeal brief.

***Excuse #4: There has been a "change in team composition."*** The purported "change in team composition" does not merit a 30-day extension, either. As Appellants acknowledge, at least *six* attorneys have appeared on Appellants' behalf in this action. None has filed a notice of withdrawal from this case. Rather, the "change in team composition" that Appellants appear to be referring to is nothing more than the fact that some of these attorneys have become busy with other matters, which is routine in an active litigation practice. Appellants fully briefed the issues below with their team of six attorneys. Even if their team had actually been "chopped in half," Mot. at 9, Appellants do not explain why all six people are necessary to brief the case on appeal. Netflix has managed to handle this case with a team of three attorneys from the beginning. Young Decl. ¶ 2.

***Excuse #5: The lawyers on the team are busy with other matters.*** Finally, Appellants beg the Court's indulgence because they are busy with other matters. Again, this is true in any active litigation practice. It is not good cause for further delay, and it does not explain why Appellants failed to complete their opening brief after seven months, after having already obtained multiple extensions.

7

## III.

## CONCLUSION

Despite having had now seven months to brief their appeal—time that Netflix will not have to draft its answering brief—Appellants have demonstrated no diligence, either in bringing this motion or briefing their appeal, and they have not shown a substantial need for another 30-day extension. Netflix respectfully requests that the Court deny their motion and instead order Appellants' opening brief to be filed no later than September 27, 2022.

Respectfully submitted,

DATED: September 20, 2022           MUNGER, TOLLES & OLSON LLP


By: _____*s/ Blanca F. Young*_____
BLANCA F. YOUNG
Attorneys for Appellee NETFLIX, INC.

8

# CERTIFICATE OF COMPLIANCE PURSUANT TO

# FED. R. APP. 32(A)(7)(C) AND CIRCUIT RULE 32-1

Pursuant to Fed. R. App. P. 32 (a)(7)(C) and Ninth Circuit Rule 32-1, I certify that the attached brief is proportionally spaced, has a typeface of 14 points and contains 1,759 words.

DATED: September 20, 2022          MUNGER, TOLLES & OLSON LLP


                                   By:      *s/ Blanca F. Young*
                                        BLANCA F. YOUNG
                                        Attorneys for Appellee NETFLIX, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: September 20, 2022          Respectfully submitted,

                                        *s/ Blanca F. Young*
                                        BLANCA F. YOUNG