# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THE ESTATE OF ISABELLA "BELLA" HERNDON, JOHN HERNDON, J.H., a minor, AND T.H., a minor,

    *Plaintiff-Appellants*,

v.

NETFLIX, INC.,

    *Defendant-Appellee*.

Civil Appeal No. 22-15260

## RULE 44(a) AND 28 U.S.C. § 2403(a) NOTICE OF CONSTITUTIONAL CHALLENGE TO FEDERAL STATUTE

Notice of Constitutional challenge is hereby given that Plaintiff-Appellants the Estate of Isabella "Bella" Herndon, John Herndon, J.H., a minor, and T.H., a minor, intend to challenge the Constitutionality of a federal statute, as applied. Pursuant to Federal Rule of Appellate Procedure 44(a) and 28 U.S.C. § 2403(a), the Clerk is respectfully requested to certify this fact to the Attorney General of the United States.

\* \* \* \* \*

This is a wrongful-death action pertaining to the death of a 15-year-old girl. It was alleged as a class action, given that many children died and many more were harmed here. The named plaintiffs are the deceased girl's estate, her surviving father, and her surviving minor brothers. They are citizens of California. Defendant is a California citizen as well.

1

This wrongful-death action was originally filed in state court because the claims in suit arise under California state law. Upon being served, Defendant removed this case to federal court asserting subject-matter jurisdiction under 28 U.S.C. § 1332(d), a provision of the Class Action Fairness Act of 2005 ("CAFA"). Plaintiffs moved to remand.

Even though all Parties are citizens of California, the District Court denied remand based upon the geographic scope of the alleged class without identifying a single diverse class member. It never identified any purportedly diverse class member at all.

As will be litigated in this appeal, Plaintiffs believe that the District Court adopted a Constitutionally impermissible reading of CAFA. The District Court purported to exercise subject-matter jurisdiction based upon an unidentified class member, of unknown citizenship, who has neither received notice of this action, nor submitted to the District Court's personal jurisdiction.

Thus, even if the District Court's reading of CAFA were correct as a matter of statutory interpretation, the District Court's exercise of subject-matter jurisdiction ran afoul of the U.S. Constitution's minimal-diversity requirement. See U.S. Cons. Art. III, § 2.

Minimal diversity has not been satisfied.

Thus, the "judicial Power" of the United States does not "extend" to this case because this case is not a "Case[]" or "Controvers[y]" between "citizens of different States" at this juncture  See U.S. Cons. Art. III, § 2.  The District Court adopted a Constitutionally impermissible view as to the scope of its jurisdiction under CAFA, as applied.

Plaintiff-Appellants intend to raise and litigate this Constitutional infirmity in this appeal.


Date: October 11, 2022                   Respectfully submitted,

*/s/ Andrew Grimm*
Andrew Grimm
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381
Andrew@DigitalJusticeFoundation.org

*Attorney for The Estate of Isabella "Bella" Herndon, John Herndon, J.H.*, a minor, *T.H.*, a minor

## CERTIFICATE OF COMPLIANCE

This Notice contains **570** words.

This Notice was prepared in Microsoft Word using Times New Roman 14-point font.

Date: October 11, 2022                     Respectfully submitted,

                                           */s/ Andrew Grimm*
                                           Andrew Grimm

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: October 11, 2022          Respectfully submitted,

                                         */s/ Andrew Grimm*
                                         Andrew Grimm