**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

THE ESTATE OF ISABELLA "BELLA"
HERNDON, JOHN HERNDON, J.H., a
minor, AND T.H., a minor,

     *Plaintiff-Appellants*,

     v.

NETFLIX, INC.,

     *Defendant-Appellee*.

---

Civil Appeal No. 22-15260

**MOTION FOR EXTENSION OF TIME TO FILE**
**APPELLANTS' OPENING BRIEF & EXCERPTS OF RECORD**

Pursuant to Federal Rules of Appellate Procedure 2, 26, and 27, and to Ninth

Circuit Rule 31-2.2, Plaintiff-Appellants the Estate of Isabella "Bella" Herndon,

John Herndon, J.H., a minor, and T.H., a minor, hereby respectfully request and

move for a 61-day extension of time to file their Opening Appellate Brief and

Excerpts of Record, up to and including, **Monday December 19, 2022**, for the

reasons that follow.

This is a wrongful-death and survival action that arose out of the death of a

15-year-old girl.  The Plaintiff-Appellants are her surviving father and brothers.

Their appeal was docketed in late February, 9th Cir. Dkt. 1-1 (Time Schedule Order),

and then entered the Ninth Circuit's Mediation Program shortly thereafter, 9th Cir.

Dkt. 5 (Mediation Assessment Order).  Then, six months later and just several weeks

ago, on September 15, 2022, this appeal left mediation.  9th Cir. Dkt. 14.

There are *five* key reasons that justify an extension of time to brief this appeal that are summarized here and then discussed in further detail below:

(1) **Extraordinary Stakes of the Appeal**: This wrongful-death action implicates not just one deceased child, but many. Moreover, the named Plaintiffs are being threatened with ruinous fees and the arguments posited by Defendant are seeking to set precedent that could, if adopted, invalidate a recent signature enactment of the State of California. Given the stakes, substantial additional time to research and brief is warranted.

(2) **Number, Novelty, and Complexity of Issues**: This wrongful-death appeal is exceedingly complex—in the sheer number of issues, their factual and legal complexity, and their novelty. Novel issues of federal subject-matter jurisdiction, of California's anti-SLAPP law, of the First Amendment, and of the California wrongful-death and survival statutes collectively warrant substantial additional time to brief and research.

(3) **Failure to Provide Mandatory Notifications**: A party who challenges the Constitutionality of a state statute is required to notify that state where, as here, the state isn't a party to the case. Defendant challenged a California statute over a year ago but never notified the State of California, as required. An extension is warranted to give the State ample time to review this complex case before deciding if the State would like to participate—by intervention as of right or as amicus curiae.

2

(4)   **Recent Release from Mediation Program**: Although this appeal has been pending since February, it was only just released from mediation several weeks ago, on September 15, 2022, a mediation which Defendant invited and requested. The briefing did not begin until after mediation, meaning that Appellants' counsel have had only 34 days to brief this highly complex appeal unless the extension is granted.  For this reason too, an extension is warranted.

(5)   **Significant Demands upon Appellate Counsel**: The family is represented on appeal by two public-interest, nonprofit counsel and a third lawyer at a two-person firm.  That third lawyer has been unable to assist on the appellate brief in any capacity since the case has left mediation on September 15, 2022, due to extraordinary demands upon his practice.  And, the two nonprofit counsel have also had significant demands upon them in the relevant period.

These five reasons for an extension are discussed in further detail below and in the supporting declaration.

* * * * *

_**First**_, this appeal presents a matter of grave significance for the specific Parties to this case and extraordinary importance beyond them too.  This case is a wrongful-death and survival case arising from the tragic death of a fifteen-year-old girl, Isabella "Bella" Herndon.  Appellants are her surviving father and minor brothers.

Beyond the highly tragic circumstances underlying this case, the Defendant is also threatening ruinous fees against the surviving family members for petitioning for redress of the loss of their daughter and sister in court. 9th Cir. Dkt. 17-1 at 14 ¶ 1; 17-2 at 2.

Nor are the stakes of the appeal limited to the Parties. Because the tortious actions alleged below involved the deaths of many children beyond just Bella, this case was alleged as a class action. As such, this appeal implicates the viability of the wrongful-death claims for many more grieving families beyond the surviving family presently before the Court on appeal.

Given the grave significance of this appeal to the Herndon family and those similarly situated, it is vitally important to the family that they be afforded the necessary time to thoroughly research and brief the numerous and complex issues implicated in this appeal. Accordingly, Appellants very respectfully seek leave of this Court for the requested extension of time.

Moreover, within the past month, the California Legislature unanimously enacted, and California Governor Gavin Newsom signed into law, landmark legislation addressing dangerous algorithmic targeting of minors. (California's AB2273, named the California Age-Appropriate Design Code Act, was enacted on September 15, 2022).

California's new law is first-in-the-nation, landmark legislation addressing the harms caused to children by sophisticated artificial-intelligence algorithms, like those that caused the premature demise of many here.

Given the nature wrongful-death claims alleged in this case (*i.e.*, Defendant's algorithmically targeting of vulnerable minors in a tortious fashion), and the theories that Defendants relied upon to procure dismissal of the wrongful-death and survival claims below, this appeal potentially implicates the viability of California's recent signature legislative enactment.

In short, this appeal presents issues of grave significance not only to the surviving family directly party to this appeal and being threatened with ruinous fees but also many other families who lost children as a result of the acts at issue here. Beyond them, a decision on the merits of many of the issues in appeal will very likely affect the State of California's recent legislative attempt to avoid future tragic harms to children caused by technology.

Given that this appeal presents matters of extraordinary significance, substantial additional time to research and brief the complex legal issues is warranted.

___**Second**___, the unusual number, novelty, and complexity of the issues decided below and at issue on appeal also favor an extension.

This appeal presents an unusual number of issues on appeal given how many were decided below.

Ordinarily, a trial court only addresses what is necessary to dispose of a case. Cf. PDK Labs., Inc. v. DEA, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J. concurring impart and concurring in the judgment) (discussing the "cardinal principle of judicial restraint — if it is not necessary to decide more, it is necessary not to decide more"). In cases where the trial court decides one or two dispositive issues, such that the appeal presents just those few issues, the default briefing period set by the rules makes sense.

Here, by contrast, the inordinate number of issues addressed and decided by the District Court below require more time to fully research and clearly and concisely brief those issues on appeal. Indeed, the District Court's opinion addressed and decided at least 8 major issues, including extremely complex questions of both procedural and substantive law and of both federal law and California state law Pointedly, this appeal implicates at least the following issues:

1.     Whether, as a matter of statutory interpretation, the Class Action Fairness Act ("CAFA") gives federal jurisdiction over a dispute between California plaintiffs and a California defendant where no non-California citizen has been identified either as a party to this dispute nor has been identified as a member of the class. See 28 U.S.C. § 1332(d).

2.    If CAFA is properly construed to permit jurisdiction in such a situation, then whether, as a matter of Constitutional interpretation, the District Court's reading of CAFA is Constitutionally permissible under the U.S. Constitution's requirement of minimal diversity for suits that do not arise under federal law. See U.S. Const. Art. III, § 2.

3.    Whether California Anti-SLAPP law is applicable in proceedings in federal court.

4.    Whether public-interest exceptions to California's Anti-SLAPP law, contained in Section 425.17 of the California Code of Civil Procedure, are applicable here.

5.    Whether commercial-speech exceptions to the California Anti-SLAPP, contained in Section 425.17 of the California Code of Civil Procedure, are applicable here.

6.    Whether, as a matter of California's wrongful-death statute, the category of persons eligible to bring wrongful death actions under California law extend solely to the surviving parents or whether surviving siblings are also eligible under the statute.

7.    Whether, under California law, the statute of limitations for statutory survival claims involving the death of a child are measured by the age of the deceased minor or is instead truncated when the child's intestate heir is her father.

8.     Whether algorithms are products or services for the purposes of California's products-liability laws.

9.     Whether, under California law, paywalled Internet companies have a special-relationship duty to their underage users that they extensively surveil and algorithmically target.

10.     Whether Defendant's algorithmic private targeting of individual minors implicates Defendant's First Amendment rights.

These issues are not only numerous and complex, but they also implicate open questions of law at the appellate level, present issues on which there are acknowledged Circuit splits among the Courts of Appeals, implicate open questions of California law, and implicate questions of California law on which the California appellate courts are also divided.

The issues on appeal implicate questions of Constitutional law, statutory law, common law, federal law, and state law. They implicate complex questions of both procedural law and substantive law.

Moreover, these areas of law are in flux. The Ninth Circuit recently published an opinion addressing the applicability of California Anti-SLAPP laws in federal courts. Likewise, the aforementioned, first-in-the-nation California law regarding the algorithmic targeting of children and addressing the permitted designs of such algorithms, calls into question Defendant's theories.

8

This cutting-edge California law also calls into question the District Court's rationale that liability for content and liability for the use of algorithms targeting cannot be separated. Addressing and resolving such substantive matters is beyond the scope of this motion. However, these new developments of law and the rapidly evolving legal treatment of algorithmic harms, especially to minors, adds to the complexity of this appeal.

In fact, the undersigned have prosecuted numerous federal appeals and, in the undersigned's experience, the number and complexity of the issues on appeal here is highly unusual. Appellants respectfully submit that the unusual number, novelty, and complexity of the issues on appeal support an extension of time, so that counsel can fully research, thoroughly brief, and optimally apprise this Court of their views on the current state of law.

*__Third__*, significant additional time is also warranted because Defendant failed to provide mandatory notice to the State of California that would allow the State to decide if it is interested in participating in this appeal.

Defendant lodged a Constitutional attack upon a California state statute on September 1, 2021, *i.e.*, over a year ago, in the District Court. Dist. Ct. Dkt. 16. Under Federal Rule of Civil Procedure 5.1(a), Defendant was supposed to notify the State of California of this Constitutional challenge. See Fed. R. Civ. P. 5.1(a).

After all, California is not a party to this action and, accordingly, without notice California would be left without the opportunity to defend its law in court if it so chose. As of now, California still has not been notified. Moreover, there is an appellate analog, Federal Rule of Civil Procedure 44(b), that also requires notice to the State of California regarding these Constitutional challenges to state statutes, but Defendant has not filed the requisite notice with this Court. See also 28 U.S.C. § 2403(b).

Accordingly, it's fundamentally important that the State of California be given substantial time to assess the highly complex and novel legal issues in suit and decide if it would like to participate. This is especially so because the failure of notice of the State of California has occurred due to rule violations by Defendant's counsel. Likely, these were inadvertent administrative oversights on defense counsels' parts, but the effect, if the extension is not granted, would be to deprive the government of the State of California an opportunity to participate in this case to defend its laws— and a loss of its chance through Defendant's failure to provide mandatory notifications to the government.

Thus, a substantial extension is warranted to permit the State of California to review this case and decide if it is interest in participating.

Moreover, this notice of Constitutional challenge is not the only mandatory notification that Defendant has failed to provide.

Defendant has also failed to comply with a statutory requirement that the State of California be notified upon the filing of an anti-SLAPP motion. <u>See</u> Cal. Civ. Proc. Code § 425.16(j)(1) (requiring parties litigating a California anti-SLAPP motion to "*promptly*" notify the California Judicial Council upon the filing of the motion, opposition, order on the motion, and notice of appeal).

Section 425.16(j)(1) creates a "*mandate* to report anti-SLAPP motions" to the California Judicial Council. Steven S. Streger, <u>SLAPPing a Vague Claim</u>, 60 Orange County Lawyer 40, 40 n.3 (Dec. 2018). This state-law notification requirement applies in federal court. <u>E.g.</u>, <u>Maxwell v. Kaylor</u>, 2022 U.S. Dist. LEXIS 71173, *12 (N.D. Cal. Mar. 16, 2022) (Cousins, M.J.) (ordering compliance); <u>Westfall v. City of Crescent City</u>, 2011 U.S. Dist. LEXIS 57353, *34 (N.D. Cal. May 26, 2011) (Vadas, M.J.) (same).

Furthermore, it's not some new feature of California's anti-SLAPP law. This notification requirement has been in place for over twenty years, *i.e.*, since the "fall of 1999," Kathryn W. Tate, <u>California's anti-SLAPP Legislation</u>, 33 Loy. L.A. L. Rev. 801, 808-809 (Apr. 2000), so it should not come as a surprise to litigators and firms that routinely file anti-SLAPP motions as here.

This mandate requiring that Defendant notify the State of California was not complied with below—not filing the motion, not upon filing the amended motion, not upon the filing of the opposition, not upon issuance of the order.

The statute requires notification be conducted "promptly," but here such notification never happened—and its been over a year. The California Judicial Council publicly lists all anti-SLAPP litigation of which it is notified and there is no such public listing of the anti-SLAPP notification here. See SLAPP Special Motion Log, California Courts (last accessed Oct. 12, 2022).

This repeated failure to provide statutorily mandated notice to the State of California for over a year is another reason that a substantial extension is in order. Probably, Defendant's failure to notify was an administrative oversight of its counsel, not a nefarious effort to hide its anti-SLAPP filings. Nonetheless, California was not notified.

Both so that California can review this complex case, this novel assertion of its anti-SLAPP statute, and Defendant's novel attacks upon the Constitutionality of its laws, California should be afforded an opportunity to review the case, in accordance with governing rules and statutes. Fed. R. App. P. 44(b); Fed. R. Civ. P. 5.1; 28 U.S.C. § 2403(b).

***Fourth*** and ***fifth***, at present, it has only been 27 days since the release of this appeal from the Ninth Circuit's mediation program on September 15, 2022. 9th Cir. Dkt. 14.

Thus, the current briefing schedule has functionally provided a mere 34 days of time to research and brief this extraordinarily complex appeal. Since September, Appellants' counsel have had significant competing professional demands, necessitating additional time to prepare the Opening Brief in this appeal despite diligent efforts to prepare the Brief.

For example, during that time, Appellants' counsel have had to research and write a Supreme Court amicus brief, an opening brief in an appeal before the First Circuit, an opening brief in an appeal before the Tenth Circuit, and a reply brief in a separate appeal before the Tenth Circuit. Counsel also had to prepare for and attend mediation sessions regarding an appeal before the D.C. Circuit. Additionally, during that time, Appellants' nonprofit counsel have had to prepare for and participate in time sensitive discussions with a Native American Indigenous-rights group and prepare for and participate in separate discussions with Congressional committee staff to provide predictive advice and empirical insight regarding proposed federal legislation.

Moreover, since the release from mediation, counsel have still been catching up on the significant backlog of work due to an unusually busy late summer period that was consumed by significant professional and personal demands. Over the past two months, one of Appellants attorneys had been on his preplanned three-week honeymoon with his wife, leaving another of Appellants attorneys to have to assume

the responsibilities for both attorneys at a small non-profit law firm during that time. The unusual yoke of responsibilities during that time included dealing with unexpected and time sensitive filings that required substantial research into new and unfamiliar areas of law (*i.e.*, bankruptcy law.).

Appellants' third attorney on appeal, Mr. Hamilton, had been in trial, had significant trial preparation work, and also had to prepare for and appear at hearings representing children applying for Special Immigration Juvenile Status in guardianship proceedings with intense deadlines.

Since September 15, Mr. Hamilton has been dealing with a busy criminal defense and civil practice during that time. For at least three days each week, he has been in criminal court handling felony and misdemeanor cases. Mr. Hamilton has also been working on opposing dispositive motions in six separate prisoner civil rights cases. These cases involve claims of medical deliberate indifference in which the claimants were denied treatment for their Hepatitis C. This has been an enormous problem in the prison community and these oppositions have proven unexpectedly and significantly time-consuming.

Also, Mr. Hamilton has had to participate in a number of depositions for his civil practice during the past month.

Finally, Mr. Hamilton, took a one week long, pre-planned vacation beginning on September 20, 2022. This vacation has been the sole vacation Mr. Hamilton took this year. As a result of these professional and personal obligations, Mr. Hamilton's caseload and schedule have not allowed sufficient time to research and brief the complex issues involved in this appeal.

Given that this appeal has only been out of mediation for 27 days and given the extraordinarily heavy press of business over that period time, Appellants respectfully submit that additional time is needed to prepare the Opening Brief for this exceptionally complex appeal.

* * * * *

This Motion is expressly brought under the Federal Rules of Appellate Procedure 2, 26, 27 and Ninth Circuit Rule 31-2.2(b). For the five reasons shown above, including several that demonstrate extraordinary stakes of the appeal, extraordinary complexity of the appeal, failure to provide mandatory notices that affect the substantive rights of the State of California, the limited time period since the mediation was released, and substantial demands upon counsel's time, there is good cause to extend the time file by 61 days.

* * * * *

For the foregoing reasons, Plaintiff-Appellants, the survivors of decedent 15-year-old Bella Herndon, respectfully request 61 additional days to research the highly complex issues in suit and to brief the appeal—and appreciate the consideration by the Court of their request.


Date: October 12, 2022                     Respectfully submitted,

                                        */s/ Andrew Grimm*
                                        Andrew Grimm
                                        DIGITAL JUSTICE FOUNDATION
                                        15287 Pepperwood Drive
                                        Omaha, Nebraska 68154
                                        (531) 210-2381
                                        Andrew@DigitalJusticeFoundation.org

                                        *Attorney for The Estate of Isabella "Bella" Herndon, John Herndon, J.H., a minor, T.H., a minor*

## 9TH CIR. RULE 31-2.2(b) DECLARATION OF COUNSEL

I, Andrew Grimm, a counsel for Plaintiff-Appellants the Estate of Isabella "Bella" Herndon, John Herndon, J.H., a minor, and T.H., a minor, hereby declare and attest to the following in support of a 61-day extension of time to file their Opening Appellate Brief and Excerpts of Record, up to and including, Monday, December 19, 2022:

(1) *Current Deadline*: The Opening Appellate Brief and Excerpts of Record are currently due on Wednesday, October 19, 2022. See 9th Cir. Dkt. 18 (Order).

(2) *Original Deadline*: The Opening Appellate Brief and Excerpts of Record were originally due May 31, 2022. 9th Cir. Dkt. 1-1 at 2 (Time Schedule Order). After this initial briefing schedule was set, the case entered Ninth Circuit mediation and remained in mediation until September 15, 2022, *i.e.*, for six months. 9th Cir. Dkt. 14 (Mediation Release Order). Then, the Court extended the deadline to its current deadline of October 19, 2022. 9th Cir. Dkt. 18. Thus, although the appeal has been pending for some time, the preparation of the briefing did not begin until after the case was released from mediation, given that a central point of mediation is to see whether the Parties can resolve the case to avoid the time, effort and expense of briefing the appeal.

After mediation, this appeal has been pending for only 27 days.

(3)  *Length of Extension*:   Plaintiff-Appellants are seeking a 61-day extension of time to submit their Opening Appellate Brief and Excerpts of Record up to and including Monday, December 19, 2022.

(4)  *Reasons for Extension*:  There are five reasons for extension that are described in detail above and in this Declaration.

a.  *Extraordinary Stakes of the Appeal*: This wrongful-death and survival action has extraordinary stakes, both for the Parties and others.  The Plaintiffs are the estate and surviving family of a 15-year-old girl.  Given that many children died and many more were harmed here, this action was alleged as a class action and the appeal will govern the rights of those surviving families of other deceased children as well.  Beyond that, the Defendant is threatening ruinous fees, amounting to well over $700,000 against the surviving father and minor brothers should they not prevail on appeal.  In addition, the issues on appeal are likely to set a precedent that would presage if not control the outcome of future litigation over a signature new California statute that was recently enacted unanimously by the California Legislature and signed into law by Governor Newsom.  Given the high stakes—for the Parties, for the unnamed class members, and for society writ large—substantial additional time to brief the appeal is warranted.

b. *Number, Novelty, and Complexity of Issues*: My co-counsel, Gregory Keenan, and I are primarily appellate litigators who brief civil appeals throughout the country, focusing our nonprofit, public-interest practice of law on seeking out complex appeals with underrepresented parties. This is by far the most complex appeal we have ever conducted. It's the most complex we've ever done with regard to the sheer number of issues, their novelty, and their high complexity. It involves complex and novel questions of subject-matter jurisdiction (statutory jurisdictional issues under the Class Action Fairness Act and Constitutional jurisdictional issues under Article III, § 2, of the U.S. Constitution); (implicating new and emerging harms of technology aggregated and at scale), and their . It involves statutory subject-matter jurisdiction, Article III subject-matter jurisdiction,

in the sheer number of issues that the District Court ruled upon, in their nove

c. *Failure to Provide Mandatory Notifications*: By rule and by statute, a party who challenges the Constitutionality of a state law in a case where the state is *not* a party to the case is required to notify that state. Fed. R. Civ. P. 5.1(a), Fed. R. App. P. 44(b); 28 U.S.C. § 2403(b). Likewise, by statute, a party who files an anti-SLAPP motion under California law is required to "promptly" give notice to the state. Cal. Civ. Proc. Code § 425.16(j)(1). The required notice should have been given by Defendant below and here on appeal but

never happened. On September 1, 2021, over a year ago, Defendant filed a motion to strike under California's anti-SLAPP law which also challenged the Constitutionality of a state statute, as applied. Dist. Ct. Dkt. 16. Under these notification regimes, Defendant was required to notify the State of California. It didn't and it's been over a year. The purpose of notification, especially for notification of Constitutional challenge, is to permit the state government to intervene and defend its laws from Constitutional attack. On appeal, notice is especially important because appellate courts can set binding precedents that govern future litigation and are controlling on non-parties. Thus, a substantial extension is warranted to permit Defendant to cure its failure to follow the mandatory notification regimes and with sufficient time for the State of California to decide if it wishes to participate in this appeal, either by intervention as of right or as amicus curiae. By no means should appeal proceed unless and until the State of California has had ample opportunity— at least 60 days or more—to make the decision of whether it wishes to participate in this case upon fair notice from Defendant of issue in the case. Moreover,

d. *Recent Release from Mediation Program*: This appeal was released from the Ninth Circuit's mediation program on September 15, 2022. 9th Cir. Dkt. 14. Thus, although the appeal has been pending for some time, counsel for

Appellants have only begun briefing 27 days ago, given the possibility that the case might settle in mediation. Likewise, the period at the end of mediation was exceptionally busy for the family's appellate counsel due to a pre-planned honeymoon and extraordinary demands upon

e. _Significant Demands upon Nonprofit Counsel_: One of the three counsel, Mr. Ryan Hamilton, has been so busy he has been unable to contribute to this appeal in the interim. The other two counsel, Mr. Keenan and I, have done our level-best in prosecuting the appeal, but have also faced significant other demands upon our time.

(5) _Representation of Diligence_: I believe that my co-counsel and I have exercised reasonable diligence in the prosecution of this appeal and that and my co-counsel will work as hard as we possibly can on this appeal in the extension timeframe that is now being requested.

(6) _Position of Other Parties_: Counsel for Defendant-Appellee Netflix, Inc., have indicated via email that Defendant **opposes** this extension request. Ms. Young is aware of lead appellate counsel's Honeymoon when she stated this position.

(7) _Transcript Status_: The court reporter is not in default with respect to any transcripts.

(8)   *Reciprocity and Counsel*: Neither the undersigned nor any counsel at the Digital Justice Foundation has ever opposed an extension request by an opposing counsel in any form.  We generally maintain a policy and practice of offering additional time—well beyond the time requested—to opposing counsel as a matter of professionalism, courtesy, and in the interest of matters being decided on the merits.  I would gladly assent on behalf of my clients to reciprocal extensions for Defendant-Appellee and its counsel.


I hereby declare that the above statements that I made in this Declaration are true to the best of my knowledge and belief, and that I understand that these statements are made for use in a court proceeding and are subject to penalty for perjury.


Date: October 12, 2022                    Respectfully submitted,

                                          */s/ Andrew Grimm*          
                                          Andrew Grimm

## CERTIFICATE OF COMPLIANCE

This Motion contains **3,163** words.

This Motion was prepared in Microsoft Word using Times New Roman 14-point font.

Date: October 12, 2022                    Respectfully submitted,

                                          */s/ Andrew Grimm*
                                          Andrew Grimm

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: October 12, 2022          Respectfully submitted,

                                                */s/ Andrew Grimm*
                                                Andrew Grimm