CASE NO. 22-15260

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

THE ESTATE OF ISABELLA "BELLA" HERNDON, et al.

*Appellants,*

vs.

NETFLIX, INC.

*Appellee.*

Appeal From The United States District Court,
Northern District of California, Case No. 4:21-cv-06561-YGR,
Hon. Yvonne Gonzalez Rogers

APPELLEE NETFLIX, INC.'S RESPONSE TO APPELLANTS' MOTION FOR EXTENSION OF TIME TO FILE APPELLANTS' OPENING BRIEF & EXCERPTS OF RECORD

| MUNGER, TOLLES & OLSON LLP | MUNGER, TOLLES & OLSON LLP |
|---|---|
| Blanca F. Young | Jennifer L. Bryant |
| 560 Mission Street | Cory M. Batza |
| Twenty-Seventh Floor | 350 South Grand Avenue |
| San Francisco, California 94105-2907 | Fiftieth Floor |
| Telephone: (415) 512-4000 | Los Angeles, California 90071-3426 |
| Facsimile: (415) 512-4077 | Telephone: (213) 683-9100 |
|  | Facsimile: (213) 687-3702 |

Attorneys for Appellee NETFLIX, INC.

# I.
# INTRODUCTION

Appellants have had nearly eight months to file their opening brief. The briefing schedule was originally extended to accommodate mediation proceedings, and it was extended again for an additional 30 days following Appellants' streamlined request for more time. Dkts. 10, 13.[1] Then, on the day their opening brief was due, Appellants' sought—and obtained—another 30-day extension. Dkts. 15, 18. Now, at the eleventh hour once again, Appellants ask for *yet another* extension, this one twice as long as the last. The additional 61-day extension Appellants seek is not justified, and it is well past time that Appellants' delays come to an end. Netflix respectfully requests that the Court deny Appellants' latest attempt to prolong this appeal to accommodate their ongoing lack of diligence.

# II.
# ARGUMENT

"[A]n extension of time may be granted only upon written motion supported by a showing of diligence and substantial need." Circuit Rule 31-2.2(b). In addition, "[m]ultiple motions for extension of time to file a brief are disfavored." Circuit Rule 31-2.2(b), Advisory Committee Note. Neither diligence nor

---

[1] Unless otherwise noted, all references to "Dkt." are to the Ninth Circuit's Docket in this appeal; reference to "Circuit Rules" are to the local rules of Ninth Circuit; and references to "Mot." are to Appellants' Dkt. 20 motion for an additional 61-day extension of time to file their opening brief.

substantial need has been shown here. Appellants' second motion for an extension demonstrates the opposite: They have not been diligent and do not have any legitimate need for an additional 61 days to prepare their brief.

A. **Appellants Have Not Shown Diligence**

Appellants have been afforded an exceedingly generous briefing schedule. When the appeal was docketed on February 23, 2022, their opening brief was due on May 31, 2022. Dkts. 1-1 at 3. Their deadline was pushed back to August 18, 2022 when the Ninth Circuit mediator scheduled an in-person mediation. Dkt. 10 at 3. Following the parties' mediation, Appellants obtained a 30-day streamlined extension that gave them until September 19, 2022 to file their opening brief. Dkts. 12, 13. On September 19, rather than file their brief, Appellants moved for another 30-day extension. Dkt. 15. That further extension was granted, making Appellants' opening brief now due on October 19, 2022. Dkt. 18. All told, Appellants have enjoyed a leisurely briefing period of *238 days*.

On the heels of last month's successful request for a 30-day extension, Appellants' motion for an additional 61 days only underscores that they have been anything but diligent in prosecuting this appeal. In their prior motion, Appellants made the calculation that they would need 30 more days to complete their brief. Dkt. 15. That Appellants are now back before the Court asking for twice as much additional time shows that either they were entirely unproductive during the 30-day

2

extension period they received, or they had made so little progress during the seven months that preceded their first motion that they had no conception of how much time they actually needed. Either way, Appellants' successive motions for further extensions demonstrate their lack of diligence.

**B.** **Appellants Have Not Shown Substantial Need**

Nor have Appellants made a showing of substantial need for a further 61-day extension—an extension that would bring their total briefing period to *299 days*. Appellants proffer five excuses—largely recycled from their prior motion—and none of them justify the excessive briefing period they seek.

*Excuse #1: Importance of the Issues*. Appellants first claim they should be allowed 299 days to prepare their opening brief because the appeal involves important issues. But the same is true of many appeals. The importance of the issues cannot be enough to justify an extension. Otherwise, deadlines would be rendered meaningless in the many important appeals that come before this Court. The mere fact that Appellants contend important issues are in dispute does not explain Appellants' lack of diligence, and it is no reason to further extend the Court's already-generous deadlines for prosecuting an appeal. If anything, the high stakes would counsel towards ending Appellants' undue delays, not exacerbating them.

3

***Excuse #2: Purported Complexity of the Issues.*** Appellants also claim they need more time to research and brief the issues because this is "by far the most complex appeal" their counsel has conducted. Mot. at 19. There is nothing unusually complex about this appeal. The issues were fully briefed in the trial court and, in the case of the jurisdictional issues, briefed a second time in connection with Appellants' petition to appeal on an interlocutory basis under 28 U.S.C. § 1453(c)(1). *See* Case No. 21-80118.

As Netflix explained in its opposition to Appellants' petition for interlocutory review, the jurisdictional questions Appellants have raised concern the straightforward application of Supreme Court and Ninth Circuit precedent on the Class Action Fairness Act ("CAFA"). Case No. 21-80118, Dkt. 2. In ruling on Appellants' petition, this Court already considered the "importance of the CAFA-related question[s]" raised by Appellants, and whether those questions were "unsettled," "incorrectly decided," "or at least fairly debatable." *Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (9th Cir. 2010) (per curiam) (establishing standard for interlocutory review under 28 U.S.C. § 1453(c)(1)). Appellants' CAFA questions are no more "complex" or "in flux" now than they were when this Court denied Appellants' petition for interlocutory review. Case No. 21-80118, Dkt. 3 (denying Appellants' petition based on the *Coleman* standard).

4

The substantive issues that were thoroughly briefed below are similarly straightforward and involve the application of settled California and First Amendment law. Appellants' assertion that "these areas of law are in flux" does not withstand scrutiny. Mot. at 8. They point to the Ninth Circuit's latest opinion addressing California's anti-SLAPP statute to suggest there is an open question about that statute's application in federal court. But the opinion they reference *reaffirmed* the Ninth Circuit's "long line of precedents holding that California's anti-SLAPP statute applies in federal court." *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1138 (9th Cir. 2022).

Appellants identify only one other example of a purported "flux" in the law—AB-2273, the California Age-Appropriate Design Code Act—but that is an irrelevant red herring. By its terms, the statute does not go into effect until July 1, 2024, and it can only be enforced by the California Attorney General. Cal. Civ. Code §§ 1798.99.31(d), 1798.99.35(a). Because this is a private action arising from events that pre-date the statute's operative date by more than seven years, the statute has no application to this case. Regardless, Appellants have had plenty of time to brief the issues already.

***Excuse #3: Lack of Notifications to State.*** Appellants next argue that they need more time because the State of California has not been notified of the appeal.

5

Mot. at 9–12. Appellants' claim that these notifications need to be made before Appellants can write their brief is specious.

Appellants inexplicably claim Netflix "lodged a Constitutional attack upon a California state statute on September 1, 2021," when Netflix filed its anti-SLAPP motion and alternative motion to dismiss. They assert for the first time that Netflix's motion triggered notice and service obligations under Federal Rule of Civil Procedure 5.1. Mot. at 9. Appellants say nothing about *which* California statute Netflix supposedly challenged, much less how Netflix's motion could be reasonably construed as "drawing into question the constitutionality" of that unspecified state statute. Fed. R. Civ. P. 5.1(a). The argument is inscrutable. At no point in this case has Netflix questioned the constitutionality of any statute. It has merely shown that Appellants have no valid claims, and that their attack on Netflix's speech is barred by the First Amendment. "'The validity of a statute is not drawn in question every time rights claimed under such statute are controverted.' Rather, the validity of a statute is drawn in question only when the 'constitutionality or legality of such statute or authority is denied, and the denial forms the subject of direct inquiry.'" *Langer v. 1148 South Broadway Assocs., LLC*, 2020 WL 5846463, at *6 (C.D. Cal. Aug. 6, 2020) (quoting *United States v. Lynch*, 137 U.S. 280, 285 (1890)). Because Netflix has not denied the

constitutionality or legality of any statute, there is nothing that needs defending by the State, and Federal Rule of Civil Procedure 5.1 does not apply.

For reasons that are equally unclear, Appellants also assert they cannot write their opening brief until the anti-SLAPP motion in this case is recorded in the state's SLAPP Special Motion Log.[2] The log is maintained by the California Judicial Council using information from caption pages parties submit pursuant to a state procedural rule. *See* Cal. Civ. Proc. Code § 425.16(j).[3] While Appellants assert this state procedural rule applies in federal court, they do not explain why, if that were true, they did not submit the caption page of their opposition brief or their notice of appeal to the California Judicial Council, as would have been their obligation under the rule. Cal. Civ. Proc. Code § 425.16(j)(1); *see also* Rutter Group, Anti-SLAPP Litigation § 2.54 (Sept. 2022) (explaining that the California Judicial Council submission requirement applies to both the plaintiff *and* the defendant). Regardless, even if the rule did apply in federal court, it would have nothing to do with how much time Appellants need to file their opening brief.[4]

---

[2] *See* https://www.courts.ca.gov/cms/slapp.htm (last visited Oct. 14, 2022).

[3] This procedural rule was added to the statute so that data would be available to the state legislature regarding the frequency and outcome of anti-SLAPP motions. *See* Kathryn W. Tate, *California's Anti-SLAPP Legislation*, 33 Loy. L.A. L. Rev. 801, 809 n. 44 (Apr. 2000).

[4] To moot any further debate on this irrelevant issue, Netflix has emailed the caption page of its anti-SLAPP motion, as well as the trial court's order granting

Appellants have obviously long been aware of Netflix's anti-SLAPP motion—and, as noted, they would have had an independent obligation to make submissions to the California Judicial Council—so they plainly could not have been prejudiced by any delay in such submission. The public logging of the anti-SLAPP motion by the California Judicial Council is not by any stretch an impediment to Appellants' filing of their opening brief.

***Excuses #4 and #5: Mediation and Counsel's Active Litigation Practice.***
These final excuses recycled from Appellants' last motion are even flimsier the second time around. The mere fact that this case was referred to mediation is no reason to grant Appellants additional time to file their opening brief, much less an additional 61 days on top of the multiple extensions they have already obtained. And the unremarkable fact that Appellants' counsel have had competing demands over the past several months—just like any other attorneys with an active litigation practice—is likewise no good cause for further delay, particularly given counsel's failure to exercise reasonable diligence during the considerable time they have already been given.

---

the motion, to SLAPP@jud.ca.gov, in compliance with Cal. Civ. Proc. Code § 425.16(j)(1).

8

## III.

## CONCLUSION

Despite having had now nearly eight months to brief their appeal—time that Netflix will not have to draft its answering brief—Appellants have demonstrated neither diligence nor a substantial need for an additional 61-day extension. Netflix respectfully requests that the Court deny Appellants' motion and order that their opening brief be filed without further delay.

Respectfully submitted,

DATED: October 17, 2022  MUNGER, TOLLES & OLSON LLP

By:    */s/ Blanca F. Young*
     BLANCA F. YOUNG
Attorneys for Appellee NETFLIX, INC.

# CERTIFICATE OF COMPLIANCE PURSUANT TO
# FED. R. APP. 32 AND CIRCUIT RULE 32-1

Pursuant to Fed. R. App. P. 32 and Ninth Circuit Rule 32-1, I certify that the attached brief is proportionally spaced, has a typeface of 14 points and contains 1,878 words.

DATED: October 17, 2022          MUNGER, TOLLES & OLSON LLP


By:    */s/ Blanca F. Young*
      BLANCA F. YOUNG
Attorneys for Appellee NETFLIX, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

DATED: October 17, 2022        MUNGER, TOLLES & OLSON LLP

By:     */s/ Blanca F. Young*
       BLANCA F. YOUNG
Attorneys for Appellee NETFLIX, INC.