## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

THE ESTATE OF ISABELLA "BELLA"
HERNDON, JOHN HERNDON, J.H., a
minor, AND T.H., a minor,

       *Plaintiff-Appellants*,

    v.

NETFLIX, INC.,

       *Defendant-Appellee*.

Civil Appeal No. 22-15260

## REPLY ON MOTION FOR EXTENSION OF TIME TO FILE
## APPELLANTS' OPENING BRIEF & EXCERPTS OF RECORD

On September 15, 2022—after over six months of mediation in the Ninth

Circuit's mediation program—this wrongful-death case concerning a family's loss

of their fifteen-year-old daughter was released from mediation. 9th Cir. Dkt. 14.

An initial extension was granted making the total time to brief this appeal after

mediation 34 days. 9th Cir. Dkt. 18.

Defendant's primary response in opposition to the pending request for

additional time to brief is to claim that Appellants have had "eight months to file

their opening brief." 9th Cir. Dkt. 21 at 2. That claim is false—and is belied by a

simple review of the appellate docket. Defendant invited and requested mediation

in early March, 9th Cir. Dkt. 17-1 at 14 ¶ 1, about a week after this Court issued its

time-schedule order, 9th Cir. Dkt. 1-1. Then, this appeal stayed in mediation until

September 15, 2022. 9th Cir. Dkt. 14.

There were not "*eight months*" to submit the opening brief—and that plainly untrue claim ignores the timeframe of voluntary mediation, mediation that had been invited and requested *by Defendant*, for this highly complex and high-stakes appeal about the death of a fifteen-year-old girl.

Moreover, the opposition is telling for what it does not claim, *i.e.*, any prejudice. Indeed, Plaintiffs have already committed that they will reciprocally extend to Defendant substantial additional time to brief their appeal, if Defendant's counsel want more time, so there is no concern here about prejudice here *as to Defendant*.

Yet, there is prejudice to the State of California's rights of intervention (or amicus) should the extension be denied. That's because the timeframe of the opening brief affects the State's deadlines to intervene (or appear as amicus)—and despite being told about its obligations, *Defendant* still has *not* notified the State of California about Defendant's Constitutional challenges.

The claims at issues here are wrongful-death and survival claims. They are *statutory* claims. Cal. Civ. Proc. Code §§ 377.20 (survival claims), 377.60 (wrongful-death claims). Defendant filed a Constitutional attack upon those statutes, as applied, on September 1, 202**1**. Dist. Ct. Dkt. 16. Therefore, the State of California has a right to intervene to defend its laws. 28 U.S.C. § 2403(b). Yet, to exercise that right, the State needs to be notified of the challenge.

2

*Defendant* was required to provide notice of its Constitutional attack because the State is not a party to this litigation. Fed. R. Civ. P. 5.1. Yet, Defendant never did—and it's been over a year.

Indeed, the State is supposed to receive at least 60 days *after notification* to decide if it wants to intervene. Fed. R. Civ. P. 5.1. The State is also supposed to receive notification on appeal. Fed. R. App. 44. That also has not happened. So, Defendant's continued failure to provide the required notice to the State of California prejudices the State's rights because the deadline for the opening brief affects the State's deadlines for intervention and/or amicus participation. And, of course, the State is supposed to have *60 days* advance notice to even decide if it wants to participate.[1]

Because the Motion demonstrates substantial need despite the diligence of counsel, and because the opposition fails to demonstrate prejudice or meaningfully dispute the reasons for more time, Appellants respectfully ask this Court to grant the Motion for an extension of time to brief this highly complex, high-stakes, wrongful-death action about the loss of a fifteen-year-old daughter and sister.

---

[1] Notice to the *federal* government of *Plaintiffs'* forthcoming challenge to the subject-matter jurisdiction on Constitutional grounds has already been provided. 9th Cir. Dkt. 19 (Plaintiffs' notice), 22 (letter to United States). Yet, notice to the *state* government of *Defendant's* Constitutional challenges has not. The State of California was deprived notice of its right to intervene below and, now, Defendant is seeking to move forward without providing the required notice—and time for the State to review—that should have been provided over a year ago.

The Motion articulated five reasons supporting substantial need for additional time despite Appellants' diligence:

(1) **Extraordinary stakes of this appeal**: This appeal involves class claims about wrongful deaths of many children, where Defendant is threatening ruinous fees, against the surviving family members of a deceased girl's family. 9th Cir. Dkt. 20 at 2; 3-5. Given these grave stakes, Appellants respectfully submit that justice would be advanced by permitting *both* sides the time necessary to thoroughly brief the legal issues.

(2) **The number, novelty, and complexity of the issues**: This is an appeal involving complex, novel issues of subject-matter jurisdiction, of California's anti-SLAPP, of the First Amendment, and of the California wrongful-death and survival statutes. The number, complexity, and novelty of these issues warrant substantial additional time to brief. 9th Cir. Dkt. 20 at 2; 5-9.

(3) **Recent release from this Court's mediation program**: This appeal was recently released from this Court's mediation program last month on September 15, 2022. 9th Cir. Dkt. 14. The current briefing schedule permitted only 34 days since the release from mediation for Appellants' counsel to brief this highly complex appeal. An extension of time is warranted to fully brief and appraise the Court of the law.

(4) **<u>Defendant's failure to provide mandatory notifications</u>**: A party who challenges the Constitutionality of a state statute is required to notify that state where, as here, the state isn't a party to the case. Fed. R. Civ. P. 5.1(a); Federal Rule of Civil Procedure 44(b). Defendant has still not filed the required notice to inform the State of California of Constitutional challenges to California's wrongful-death statutes. An extension of time would permit the State of California an opportunity to participate in this case to defend its laws if it so chooses. By contrast, pushing this appeal along would prejudice the State by depriving it of the required notice and a fair opportunity to participate in this appeal if the State so chooses. 9th Cir. Dkt. 20 at 2; 9-12.

(5) **<u>Significant demands upon appellate counsel</u>**: Since this appeal has been released from this Court's mediation program on September 15, 2022, Appellants' appellate counsel have had extraordinary competing and pre-scheduled demands on their time. Since September, Appellants' nonprofit counsel have had to research and write a Supreme Court amicus brief, an Opening Brief in an appeal before the First Circuit, an Opening Brief in an appeal before the Tenth Circuit, and a Reply Brief in a separate appeal before the Tenth Circuit—in addition to many other competing personal and professional demands.

For these reasons, Appellants respectfully requested a 61-day extension of time to file their Opening Appellate Brief and Excerpts of Record, up to and including, **Monday December 19, 2022**.

I.    **The Extraordinary Stakes of this Appeal Are Good Reasons for an Extension.**

The opposition suggests that the "high stakes" of this appeal militate in favor of deciding the appeal quickly. 9th Cir. Dkt. 21 at 3. To the contrary, the high stakes of this appeal support granting ample time for both sides to brief. Also, ample time to brief assists the Court through high-quality briefing and also ensures that those affected by the case are benefitted by a thorough presentation of legal issues on emergent issues of great social significance.

Functionally, this Court is for all practical purposes the court of last word on these issues. Therefore, given both the grave stakes for the particular Parties and the importance and precedential significance of the issues on appeal, it is crucial that both sides have sufficient time to thoroughly research and brief these issues for the Court's consideration. That's particularly true here because this appeal involves the wrongful deaths of many children, threats of ruinous fees against a grieving family, and largely unprecedented and legally unsettled legal issues about the use of algorithms to target children.

**II.    The Number, Novelty, and Complexity of the Issues on Appeal Warrant an Extension.**

The opposition claims that all the "issues were fully briefed in the trial court." 9th Cir. Dkt. 21 at 4. Yet, the opposition's claim is both incorrect and beside the point.

It's _incorrect_ because this appeal will involve a _Constitutional_ challenge to the subject-matter jurisdiction of the District Court under Article III, § 2, in addition to a challenge to the _statutory_ reading adopted by the District Court. The Constitutional issue was not addressed below, but, as a matter of subject-matter jurisdiction, it didn't need to be. Issues of subject-matter jurisdiction can be raised for the first time on appeal.

Although the opposition claims that the CAFA questions are not "fairly debatable[,]" 9th Cir. Dkt. 21 at 4, it overlooks that denial of a discretionary petition for permission for review under 28 U.S.C. § 1453(c)(1) is not a ruling upon the merits. It also overlooks that the Article III, § 2, issue was not raised in that petition. In short, the opposition is simply incorrect that all issues were decided in the District Court. Some of the subject-matter jurisdiction questions were not.

Yet, ultimately the opposition's response about District Court briefing is _beside the point_.

That's because District Court briefing isn't just regurgitated to the Court of Appeals. Indeed, counsel dig in deeper, research more, and more fully articulate the state of the law to the Court of appeals.

Therefore, and despite the opposition's *ipse dixit* points about complexity, this appeal presents an unusual number of complex, novel issues and is by far the most complex appeal that the undersigned have prosecuted in their appellate practice, ***as they have declared under oath***. 9th Cir. Dkt. 20 at 19 ¶ 4b. This appeal's significant complexity warrants substantial additional time to brief this appeal.

## III. California Still Hasn't Been Notified and Is Entitled to Substantial Time to Decide if it Wants to Participate.

The opposition expresses unawareness of its Constitutional challenge to state statutes. 9th Cir. Dkt. 21 at 6-7.

Yet, the claims at issues here are wrongful-death and survival claims. They are *statutory* claims. Cal. Civ. Proc. Code §§ 377.20 (survival claims), 377.60 (wrongful-death claims). Defendant filed a Constitutional attack upon those statutes, as applied, on September 1, 202**1**. Dist. Ct. Dkt. 16. When the opposition admits that Defendant is arguing that application of a statute is "barred by the First Amendment[,]" 9th Cir. Dkt. 21 at 7, it's admitting a *First Amendment Constitutional attack* on state statutes.

Thus, the State is entitled to intervene if it wants. 28 U.S.C. § 2403(b). And, the State is supposed to have at least 60 days to decide if it wants to intervene, Fed. R. Civ. P. 5.1, and more time if it does decide it wants to do so. Therefore, an extension is additionally warranted so that Defendant can provide the mandatory notice required by Federal Rule of Civil Procedure 5.1 and Federal Rule of Appellate Procedure 44 and, then, the State of California can decide if it wants to intervene or participate as amicus—the deadlines of which are set by the deadline for the opening brief.

Thus, because the State of California's ability to participate in this appeal is affected by the deadline for the opening brief and because the State has not yet received notice of Defendant's Constitutional challenges, a substantial extension is warranted.

## IV. This Appeal Left Mediation on September 15, 2022—After Over Six Months of Mediation.

The opposition mischaracterizes matters when they say that "Appellants have enjoyed a leisurely briefing period of 238 days." 9th Cir. Dkt. 21 at 3. The opposition overlooks that over **200 of those days were in mediation**.

Defendant's counsel requested and invited mediation. Plaintiffs accepted Appellees invitation. And, the mediation continued for six months. Notably, any party is free to leave the voluntary mediation program at any time.

Nonetheless, the Parties remained voluntarily in mediation for over six months. Now the opposition seeks to use time spent in mediation, at Defendant's own invitation and request, as a sword against providing appropriate time to brief a complex appeal.

## V. Appellants' Counsel Have Been Extraordinarily Busy Since Release From Mediation.

Since the recent release from mediation, Appellants' nonprofit counsel have been dealing with a substantial number of *pre-scheduled* briefing obligations in other courts. The opposition argues that this "the unremarkable fact that Appellants' counsel have had competing demands over the past several months— just like any other attorneys with an active litigation practice[.]" 9th Cir. Dkt. 21 at 8.

Yet, respectfully, the fact represents something more about the state of access to law in America and the challenge of a nonprofit practice:

> Millions of Americans lack any access to justice let alone equal access. Over four-fifths of the legal needs of the poor and a majority of the needs of middle-income Americans remain unmet.

Deborah L. Rhode, "What We Know and Need to Know about the Delivery of Legal Services by Nonlawyers," 67 S.C. Law. Rev. 429, 429 (2016). A nonprofit legal practice is not simply a "busy" or "active" litigation practice.

Rather, public-interest firms try amount to just "1.3% of the total bar" yet try to meet these extraordinary demands.[2]  Given this vast justice gap, there is an exceptionally high demand for nonprofit and public-interest legal services from those of limited financial means, or those who otherwise struggle with access to law.  It goes well beyond mere "active" litigation practice.

Appellants' counsel are nonprofit lawyers who are deeply committed to the vocational "responsibility to provide access to justice."[3]  Appellants' counsel operate a small-but-dedicated nonprofit law firm, the Digital Justice Foundation, providing representation to citizens proceeding IFP or who have proceeded pro se before procuring representation, or have otherwise struggled to find a lawyer. There is a substantial need for such legal services, and it is those pressing legal needs from the public that have caused the inordinately busy period over the past two months.

* * * * *

---

[2] Deborah L. Rhode & Scott L. Cummings, "Access to Justice: Looking Back, Thinking Ahead," 30 GEO. J. LEGAL ETHICS 485, 495 (2017)

[3] John M.A. DiPippa, "Reginald Heber Smith and Justice and the Poor in the 21st Century," 40 Campbell L. Rev. 73, 111 (2018).

11

This appeal spent over six months in mediation, until it was released from mediation on September 15, 2022.

During that time, Appellants were diligently participating in this Court's mediation program for six months, and then, following the release of this appeal from mediation only 34 days ago, Appellants have been diligently researching and preparing the Opening Brief.

Yet despite diligent efforts there is substantial need for additional time to complete the preparation of the Opening Brief.

The Opposition does not meaningfully dispute Appellants' showing of diligence and substantial need. Nor does Appellee's Opposition make any showing of prejudice that would arise from the granting of the Motion. And, Appellants would readily assent to Appellee receiving reciprocal extensions of time for their briefing.

Accordingly, and for the reasons articulated in the Motion, 9th Cir. Dkt. 20, and reiterated and expounded upon herein, Appellants very respectfully request a 61-day extension of time to file their Opening Appellate Brief and Excerpts of Record, up to and including, **Monday December 19, 2022**.

Date: October 24, 2022                          Respectfully submitted,

*/s/ Andrew Grimm*
Andrew Grimm
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381
Andrew@DigitalJusticeFoundation.org

*Attorney for The Estate of Isabella "Bella"*
*Herndon, John Herndon, M.H.*, a minor,
*T.H.*, a minor

## CERTIFICATE OF COMPLIANCE

This Reply contains **2,497** words, excluding the portions exempted from word counts.

This Reply was prepared in Microsoft Word using Times New Roman 14-point font.

Date: October 24, 2022   Respectfully submitted,

           */s/ Andrew Grimm*
           Andrew Grimm

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.


Date: October 24, 2022                    Respectfully submitted,

                                          */s/ Andrew Grimm*_____
                                          Andrew Grimm