IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE ESTATE OF ISABELLA "BELLA" HERNDON, JOHN HERNDON, J.H., a minor, AND T.H., a minor,<br><br>*Plaintiff-Appellants*,<br><br>v.<br><br>NETFLIX, INC.,<br><br>*Defendant-Appellee*. | Civil Appeal No. 22-15260 |

**<u>FINAL</u> MOTION FOR EXTENSION OF TIME TO FILE APPELLANTS' OPENING BRIEF & EXCERPTS OF RECORD**

Pursuant to Federal Rules of Appellate Procedure 2, 26, and 27, and to Ninth Circuit Rule 31-2.2, Plaintiff-Appellants the Estate of Isabella "Bella" Herndon, John Herndon, J.H., a minor, and T.H., a minor, hereby respectfully request and move for a **<u>final</u>** 15-day extension of time to file their Opening Appellate Brief and Excerpts of Record, up to and including, **<u>Tuesday, January 3, 2023</u>**, for the reasons that follow.

This is a wrongful-death and survival action that arose out of the death of a 15-year-old girl. The Plaintiff-Appellants are her surviving father and brothers. Their appeal was docketed in late February, 9th Cir. Dkt. 1-1 (Time Schedule Order), and then entered the Ninth Circuit's Mediation Program shortly thereafter, 9th Cir. Dkt. 5 (Mediation Assessment Order). Then, six months later, on September 15, 2022, this appeal left mediation. 9th Cir. Dkt. 14.

1

As discussed in the attached declaration, Grimm Decl. ¶ 6, *infra*, Plaintiffs' counsel has emailed Defendant's counsel and, upon inquiries, identified the length of the proposed extension request and the critical new reason that previously unknown statutory sections and lines of legal precedent would require additional time to research, digest, and brief over 150 years of law. Plaintiffs' counsel has not yet heard back and so is unsure whether this <u>*final*</u> extension request is opposed or unopposed. Either way this will be the <u>*final*</u> extension request.

There are <u>*five*</u> key reasons that justify an extension of time to brief this appeal that are detailed herein:

(1) **<u>Recent Discovery of Substantial Additional Research Tasks</u>**: Just this past weekend, Plaintiffs' counsel identified previously unknown lines of precedent and statutory provisions, going back to the beginning of California statehood, that appear to bear significantly upon the issues raised in the appeal. These newly discovered authorities are complex and digesting them and then briefing them will require additional time beyond what was expected but they will almost certainly be helpful to the Court in addressing the central issues in this appeal. Moreover, neither the Parties nor the District Court were aware of these lines of precedent below and it is the view of Plaintiffs' counsel that the Court of Appeals will find these lines of precedent clarifying and illuminating when issuing its opinion on survival limitations, wrongful-death standing, products liability, *etc.*

(2) **Major Holiday Period in the Time of Extension**: Plaintiffs' counsel are appreciative of the generous extensions that have been granted thus far. Ordinarily, we would only seek one additional week, but given the Holidays (especially Christmas) and family demands in this time period, we will need the two weeks.

(3) **Continued Failure to Provide Mandatory Notifications**: Defendant's counsel *still* have not notified the State of California regarding Defendant's Constitutional challenges that implicate recent, unanimous, signature enactments of the California Legislature. Plaintiffs' counsel will once again respectfully request Defendant's counsel to provide the required notice of Constitutional challenge. If Defendant does not provide the notice by early January, then Plaintiffs' counsel will provide the notice of Constitutional challenge for them in the interest of advancing the appeal and ensuring the State receives notice to which it is entitled.

(4) **Extensive Time in Mediation Program**: Although this appeal has been pending since February, it was in mediation essentially from its outset until September 15, 2022, a mediation which Defendant invited and requested. The briefing did not begin until after mediation, meaning that the calendar timeframe of the appeal looks much longer than the actual time for briefing the appeal. From the outset of the appeal until September 15, counsel were focused on mediation.

(5) **<u>Earlier Difficulties and Time Pressures Remain Relevant</u>**: This Fall has been an extraordinarily busy fall for the small nonprofit firms representing Plaintiffs—including a pre-planned Honeymoon, newly enacted legislation bearing on the appeal, a major change in team composition (losing three lawyers who don't litigate appeals to other demands), major unexpected representational demands for other clients, the extraordinary stakes of the appeal (for the family that lost their daughter and facing a threat of fees), the sheer number novelty and complexity of issues, *etc.*

\* \* \* \* \*

This Motion is brought under the Federal Rules of Appellate Procedure 2, 26, 27 and Ninth Circuit Rule 31-2.2(b). For the reasons discussed above, there is good cause shown to grant a *<u>final</u>*[1] extension of 15 days, up to and including January 3, 2023.

For the foregoing reasons, Plaintiff-Appellants, the survivors of decedent 15-year-old Bella Herndon, respectfully request 15 additional days to research the highly complex issues in suit and to brief the appeal—and appreciate the consideration by the Court of their request. This will be the *final* extension request for this Brief.

---

[1] Plaintiffs will submit their brief on January 3, 2023 via an overlength-brief motion. If that motion is granted, the brief will be submitted as is. If it is not, the brief will be whittled down to the number of words permitted by the Court.

Date: December 12, 2022        Respectfully submitted,

                                       */s/ Andrew Grimm*
                                       Andrew Grimm
                                       DIGITAL JUSTICE FOUNDATION
                                       15287 Pepperwood Drive
                                       Omaha, Nebraska 68154
                                       (531) 210-2381
                                       Andrew@DigitalJusticeFoundation.org

                                       *Attorney for The Estate of Isabella "Bella" Herndon, John Herndon, J.H.*, a minor, *T.H.*, a minor

## 9TH CIR. RULE 31-2.2(b) DECLARATION OF COUNSEL

I, Andrew Grimm, a counsel for Plaintiff-Appellants the Estate of Isabella "Bella" Herndon, John Herndon, J.H., a minor, and T.H., a minor, hereby declare and attest to the following in support of a **final** 15-day extension of time to file their Opening Appellate Brief and Excerpts of Record, up to and including, Tuesday, January 3, 2023:

(1) *Current Deadline*: The Opening Appellate Brief and Excerpts of Record are currently due on Monday, December 19, 2022. See 9th Cir. Dkt. 25 (Order).

(2) *Original Deadline*: The Opening Appellate Brief and Excerpts of Record were originally due May 31, 2022. 9th Cir. Dkt. 1-1 at 2 (Time Schedule Order). After this initial briefing schedule was set, the case entered Ninth Circuit mediation and remained in mediation until September 15, 2022, *i.e.*, for six months. 9th Cir. Dkt. 14 (Mediation Release Order). Then, the Court extended the deadline to its current deadline of October 19, 2022. 9th Cir. Dkt. 18, and, granted one more extension, for the current deadline of December 19, 2022.

(3) *Length of Extension*: Plaintiff-Appellants are seeking a **final** 15-day extension of time to submit their Opening Appellate Brief and Excerpts of Record up to and including Tuesday, January 3, 2023.

(4) *Reasons for Extension*: There are several reasons for extension that are newly arisen or still topical and are described both in detail above and in this Declaration.

a. *Essential New Research Avenues That Will Require More Time to Exhaust*: The central new reason for this extension request is that while counsel were working this entire weekend on the brief, they uncovered new statutory provisions and lines of precedent with a significant impact upon the issues before this Court in this appeal but that were not identified either by the Parties or the District Court below. These include new statutory authorities that give contextual significance to the survival and wrongful-death questions raised on appeal. In addition, there are new lines of precedent that go back to the time of California statehood that bear on the issues raised in this appeal but required additional research and legal excavation to properly understand in their full context and contemporary significance.

b. *Major Holiday Period During the Period of Extension*: As discussed above, the time period coincides with the Holidays, especially Christmas, so a little bit more time is needed to finalize the research tasks listed above, given the competing familial and religious demands in the period going up to the Christmas.

c. *Continued Failure to Provide Mandatory Notifications*: Defendant's counsel has not notified the State regarding a Constitutional challenge. Plaintiff's counsel will coordinate with Defendant's counsel whether to send

d. *Recent Release from Mediation Program*: Although this appeal has been pending since February, it was only just released from the mediation program in September 15, 2022.

e. *Earlier Difficulties and Time Pressures Remain Relevant*: The reasons discussed in the earlier extension requests remain relevant to the timeframe of the appeal.

(5) *Representation of Diligence*: I believe that my co-counsel and I have exercised reasonable diligence in the prosecution of this appeal. We have been conducting substantial and extensive research and briefing covering legal development in California for over 150 years. We can commit that we will seek no further extensions of time, with the exception that should my clients' forthcoming motion for overlength briefing be either denied or granted only in part, then we will need time to edit down our brief. Otherwise, the brief will be submitted on January 3, 2023 and then finalized upon grant of the motion—*with no further extensions sought*.

(6) *Position of Other Parties*: Counsel for Defendant-Appellee Netflix, Inc., have been informed via email of this requested extension. They inquired as to

8

its basis and its length, and I responded indicating both. Counsel have not responded regarding their position so I am not sure if this *final* extension request is opposed or not.

(7)     *Transcript Status*: The court reporter is not in default with respect to any transcripts.

(8)     *Reciprocity and Counsel*: Neither the undersigned nor any counsel at the Digital Justice Foundation has ever opposed an extension request by an opposing counsel in any form. We generally maintain a policy and practice of offering additional time—well beyond the time requested—to opposing counsel as a matter of professionalism, courtesy, and in the interest of matters being decided on the merits. I would gladly assent on behalf of my clients to reciprocal extensions for Defendant-Appellee and its counsel.

I hereby declare that the above statements that I made in this Declaration are true to the best of my knowledge and belief, and that I understand that these statements are made for use in a court proceeding and are subject to penalty for perjury.

Date: December 12, 2022                    Respectfully submitted,

                                           */s/ Andrew Grimm*
                                           Andrew Grimm

9

## CERTIFICATE OF COMPLIANCE

This Motion contains **1,807** words.

This Motion was prepared in Microsoft Word using Times New Roman 14-point font.

Date: December 12, 2022         Respectfully submitted,

*/s/ Andrew Grimm*
Andrew Grimm

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: December 12, 2022          Respectfully submitted,

                                           */s/ Andrew Grimm*
                                           Andrew Grimm