IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE ESTATE OF ISABELLA "BELLA" HERNDON, JOHN HERNDON, J.H., a minor AND T.H., a minor,<br><br>*Plaintiff-Appellants*,<br><br>v.<br><br>NETFLIX, INC.,<br><br>*Defendant-Appellees*. | Civil Appeal No. 22-15260 |

**MOTION FOR LEAVE TO EXCEED THE TYPE-VOLUME LIMITATIONS FOR THE OPENING BRIEF OF APPELLANTS**

Pursuant to Ninth Circuit Rule 32-2(a), Plaintiff-Appellants the Estate of Isabella "Bella" Herndon, John Herndon, J.H., a minor, and T.H., a minor, hereby move and respectfully request leave to extend the permissible length of Appellants' Opening Brief. This appeal is so complex that is amount to almost three appeals in one. Right now, the brief is at 39,230 words excluding the portions exempted by Court rules. Plaintiffs respectfully request as much in words as the Court will permit.

This is a wrongful-death action arising out of the death of a vulnerable 15-year-old girl (Bella Herndon). The Plaintiff-Appellants are her surviving father and brothers. The gravamen of this case is that the Defendant targeted using a profoundly harmful algorithm that they knew to be harmful to her based upon their data about her and did so despite express warning from its own retained expert that

1

doing so would result in the death of particularly vulnerable children like Bella. Defendant did so despite its own expert's warnings that its conduct would cause children to hurt and even kill themselves.

Plaintiff-Appellants require additional space to develop the numerous and complex issues involved in this appeal. Although this Court has made clear that appellants should only rarely be granted leave to file an oversized brief, this case is one of those rare instances. Plaintiff-Appellants should be granted additional briefing space because of the sheer number of claims at issue in this appeal, their factual and legal complexity, their novelty, and, most importantly, their significance to the hundreds of families and society writ large. In addition, Netflix threatens Plaintiff-Appellants with ruinous legal fees.

Pursuant to Ninth Circuit Rule 32-2(a), this Court grants motions to exceed the page or type-volume limits only upon a showing of diligence and extraordinary and compelling need. To meet this standard, "counsel must show that the additional space is justified by something unusual about the issues presented, the record, the applicable caselaw or some other aspect of the case." U.S. v. Molina-Tarazon, 285 F.3d 807, 808 (9th Cir. 2002). Motions to file oversized briefs are disfavored. Doreh v. Unknown Rodriguez, No. 22-15432, 2022 U.S. App. LEXIS 26441, at *1 (9th Cir. Sep. 21, 2022).

This appeal involves numerous novel and complicated legal issues.

2

*First*, there is a high degree of factual and technological complexity to this appeal that presents novel questions of technology for which additional exposition is especially important because they did not receive extended treatment below.

*Second*, Plaintiff-Appellants appeal the District Court's novel application of the California anti-SLAPP statute as it was applied to Defendant's algorithms, raising a plethora of complex questions in and of itself. This is a novel and complex issue that requires Plaintiff-Appellants to address in detail both the technology at issue and the contours of California's anti-SLAPP law, Cal. Code Civ. Pro. § 425.16. Doing so will require substantial briefing space.

*Third*, there is a very complex wrongful-death question. It's extraordinarily complex because the California statute codifies standing under "prior law" so the correct answer requires synthesizing and excavating numerous early cases in California wrongful-death jurisprudence going back for over a century. Thus, to address this question requires Plaintiff-Appellants to address whether a decedent's sibling has standing under California's wrongful death act, Cal. Code Civ. Pro. § 377.60 as the law has stood since its enactment in the mid-nineteenth century.

*Fourth*, Plaintiff-Appellants must address the District Court's ruling that certain claims are time-barred. To do so, Plaintiff-Appellants must address the issue of tolling of claims for minors for which there is almost no direct authority construing the precise provision of the statute and yet there is lots of ancillary

authority and statutory interpretation that is necessary to consider. Moreover, the District Court's ruling on the question requires a lot of additional briefing to unpack the numbers methodological errors it made.

*Fifth*, Plaintiff-Appellants must address the District Court's ruling that their strict liability claims fail raising a novel question of extraordinary significance about whether software and algorithms can be products under California law This will require space to discuss how the District Court misconstrued this claim as well as space to show that, in fact, strict liability claims do lie against Netflix's algorithm.

*Sixth*, the District Court ruled that Plaintiff-Appellants failed to demonstrate that Netflix owed a duty to support a negligence-based claim. To address this ruling, Plaintiff-Appellants must address a number of California decisions as well as the policy considerations courts take into account in determining whether to find a duty exists under a special-relationship duty, for an ordinary duty, and, given a complex new statutory duty, under a statutory duty as well.

*Seventh*, Plaintiff-Appellants must address the District Court's ruling that the First Amendment precludes their claims. To do so will require substantial space and implies novel Constitutional questions that are highly significant, timely, socially salient, and could affect the lives of millions of children.

All of these issues must be raised here or forever lost. In fact, they must be fully and robustly raised in the Opening Brief because it is well established the opening brief must develop the argument. See, e.g., Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); United States v. George, 291 F. App'x 803, 805 (9th Cir. 2008). This Court has rightfully refused to consider arguments that are "skeletal"—properly placing the onus on the parties to fully and robustly brief any issue they wish considered. See, e.g., Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir. 1994). But that means that the Parties must have the room to raise and fully and adequately brief each issue—and this is a case where the Defendant raised a number of issues, the District Court rules upon more than was necessary to decide the case below, the Defendant has refused to agree to narrow the issues for appeal, and each and every issue is highly complex.

So, this is an extraordinary situation and counsel have tried to whatever they can to limit briefing to just those issues that are crucial for appellate resolution. They have also dropped certain issues from the case would entail ruinous fees against a grieving family. Counsel have been diligent in preparing and editing Appellants' Opening Brief. To wit, counsel have made the Opening Brief their top priority and have been working full-time to research and prepare arguments that are clear, well-grounded in the law, persuasive and comprehensively give the state of the law.

The stakes for Plaintiff-Appellants could scarcely be higher. They lost their loved one due to callous disregard of a retained expert's dire warnings that certain actions, taken without precaution, would harm vulnerable children. Yet no actions were taken and many children died.

In seeking to vindicate their rights and the rights of other families who suffered similar harm Plaintiff-Appellants are now being threatened repeatedly with fees and adequate briefing of the complex issues on appeal is necessary for them to present their rights.

Ordinarily, a principal brief may contain up to 14,000 words. 9th Cir. R. 32-1(a). This ordinary type-volume limitation is a default rule appropriate "for all but the rare cases with lengthy trials, complex administrative records, or **multiple complex issues**." See Vermillion v. Corizon Health, Inc., 906 F.3d 696, 697 (7th Cir. 2018).

This is that rare type of case. It's a complex case where the procedural history, facts and novel issues require additional room for development and explanation. See FRAP 28.1 Comm. Notes on Rules — 2016 Amendment ("In a complex case, a party may need to file a brief that exceeds the type-volume limitations specified in these rules, such as to include unusually voluminous information explaining relevant background or legal provisions or to respond to

multiple briefs by opposing parties or amici."); FRAP 32 Comm. Notes on Rules—2016 Amendment (same).

Not only is this Court empowered to grant leave for a longer brief, see FRAP 2, the rule drafters established the 14,000-word limit with the expectation that leave *would* be granted in a complex case like this one.

The Rules Committee "expect[ed] that courts will accommodate those situations [like this one] by granting leave to exceed the type-volume limitations as appropriate." See FRAP 28.1 Comm. Notes on Rules – 2016 Amendment; see also FRAP 32 Comm. Notes on Rules—2016 Amendment (same).

Plaintiff-Appellants ask for more words mindful of their obligation to be concise and to prioritize the best issues for review. The undersigned believe that appellate briefs should "emphasize the muscle of your brief and cut out the flab." Suntharalinkam v. Gonzales, 488 F.3d 1121, 1122 (9th Cir. 2007) (Kozinski, J., dissenting) (quoting Ruggero J. Aldisert, Winning on Appeal: Better Briefs and Oral Argument 231 (2d ed. 2003)).

Thus, if this Motion is granted, the undersigned will not submit a brief that "the lawyer has not taken the time to reduce to its essence." Id. (quoting Chief Judge John M. Walker, Jr.). The Opening Brief of Appellants will not be one that shows "little sign of any editing." See Midwest Terminals of Toledo Int'l, Inc. v. NLRB, 783 F. App'x 1, 9-10 (D.C. Cir. 2019). It will not fail to "tell a

comprehensible story." See Unimed Pharms. LLC v. Perrigo Co., 2015 U.S. Dist. LEXIS 752, *4 (D. Del. Jan. 6, 2015).

Rather, the undersigned simply need more words "in light of the complexity of this matter." See In re Antrobus, 563 F.3d 1092, 1096 (10th Cir. 2009). The undersigned have made good-faith efforts to make the issues fit 14,000 words. They simply don't.

Thus, the Opening Brief must cover several complicated issues as well as discuss the technology at issue and the history and contours of several California statutes. Then, after providing background, the Opening Brief must develop why the district court erred on the issues involved. For that reason, the undersigned respectfully requests many more words, but what they feel is necessary to thoroughly and comprehensively brief the Court on a number of complex, novel, and socially significant issues.

There are appeals where the appellate court has granted significantly more words than those requested here. E.g., Lewis v. Davis, 2019 U.S. App. LEXIS 22803, *1-2 (9th Cir. July 30, 2019) (permitting 28,000 words—or double the 14,000 permitted by the rules); Smith v. Ryan, 2019 U.S. App. LEXIS 26607, *1-2 (9th Cir. Sept. 3, 2019) (same).

Likewise, for an appeal in a complex case involving a lengthy trial, the Seventh Circuit permitted a brief of extensive length even though "many of the

arguments in the briefs are weak, and others appear to be padded." United States v. Torres, 170 F.3d 749, 751 (7th Cir. 1999).

That will not be the case here.

Finally, even where the courts have denied requests for longer briefs, they have often granted at least some additional words to attorneys facing difficult choices about which issues to abandon. E.g., Collegesource, Inc. v. Academyone, Inc., 2015 U.S. Dist. LEXIS 128790, *56 (S.D. Cal. Sept. 24, 2015) (noting Third Circuit had denied a "motion as presented" but nonetheless granted additional words).

For example, in one appeal, the Eighth Circuit denied a request in part but nonetheless permitted the brief to be substantially longer than ordinary Jewell v. United States, 2011 U.S. Dist. LEXIS 57802, *1-3 (E.D. Ark. May 26, 2011) (emphasis added) (discussing Eighth Circuit's ruling on motion). The undersigned have endeavored in good faith to be concise; to prioritize only essential issues; and to cut the rest. Nonetheless, 14,000 words is *not* sufficient to fully and robustly brief an appeal involving the novel and complex issues involved in this appeal.

In good faith, the undersigned respectfully request **39,230 words**—or as much as the Court will permit—to clarify the issues and to fairly present their clients' case in a manner that will help ensure this Court is fully apprised.

Date: January 3, 2023	Respectfully submitted,

*/s/ Andrew Grimm*
Andrew Grimm
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381
andrew@digitaljusticefoundation.org

Gregory Keenan
DIGITAL JUSTICE FOUNDATION
81 Stewart Street
Floral Park, New York 11001
(516) 633-2633
gregory@digitaljusticefoundation.org

Ryan A. Hamilton, Esq.
HAMILTON LAW
5125 S. Durango Drive
Las Vegas, NV 89113
(702) 818-1818
Ryan@Hamlegal.com

*Attorneys for Plaintiff-Appellants,*
*ISABELLA "BELLA" HERNDON, JOHN*
*HERNDON, J.H., a minor AND T.H., a minor*

## 9TH CIR. RULE 32-2(a) DECLARATION OF COUNSEL

I, Andrew Grimm, a counsel for Plaintiff-Appellants the Estate of Isabella "Bella" Herndon, John Herndon, J.H., a minor, and T.H., a minor, hereby declare and attest to the following in support of Motion For Leave to Exceed the Type-Volume Limitations for the Opening Brief of Appellants:

(1) *Diligence*: The undersigned counsel have worked diligently to prepare and edit Appellants' Opening Brief. This appeal has been my top priority as a lawyer. I had been working extremely hard with Gregory Keenan to research and prepare arguments that are clear, well-grounded in the law, and persuasive and to finalize this brief.

(2) *Need for Additional Briefing Space*: Despite my good-faith efforts the 14,000 word limit for a default does not provide sufficient space for Appellants to address the issues they must raise in this appeal. This appeal involves numerous novel and complicated legal issues of extraordinary significance beyond the parties to this case

Appellants must raise no fewer than seven issues in this appeal to avoid ruinous fees and prevail on their claims. These issues include the novel application of California's anti-SLAPP law to algorithmic targeting, the standing of the sibling to sue under California's wrongful-death statute, the tolling of the statute of limitations for a minor claimant, the viability of strict product liability claims

11

against companies that employ algorithmic targeting, the existence of a duty for Appellants' negligence-based claims, and the interplay of the First Amendment with Appellants' claim for relief.

To fully develop Appellants' arguments on these issues will require Appellants to discuss the technology at issue as well as the factual background. Further, Appellants must discuss the contours of the Class Action Fairness Act, California's anti-SLAPP statute, California's wrongful-death act, policy considerations underlying the existence of a duty in negligence, the applicability of products liability to algorithms, and tolling of minor claims. Each of these arguments requires adequate briefing space. To fully and robustly raise each of these arguments requires space beyond the 14,000 word limit.

The stakes for Plaintiff-Appellants could scarcely be higher. They lost their loved one due to callous disregard of a retained expert's own dire warnings that certain actions would harm children—and did.  In seeking to vindicate their rights and the rights of other families who suffered similar harm Plaintiff-Appellants now face the prospect of being forced to pay Netflix's legal fees to the tune of nearly $1,000,000.00.

I hereby declare that the above statements that I made in this Declaration are true to the best of my knowledge and belief, and that I understand that these statements are made for use in a court proceeding and are subject to penalty for perjury.

Date: January 3, 2023	Respectfully submitted,

	*/s/ Andrew Grimm*

## CERTIFICATE OF COMPLIANCE

This Motion contains **2630** words (including declaration).

This Motion was prepared in Microsoft Word using Times New Roman 14-point font.

Date: January 3, 2023                    Respectfully submitted,

                                                  */s/ Andrew Grimm*
                                                  Andrew Grimm

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: January 9, 2023          Respectfully submitted,

*/s/ Andrew Grimm*
Andrew Grimm