CASE NO. 22-15260

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

THE ESTATE OF ISABELLA "BELLA", et al.

*Appellants,*

vs.

NETFLIX, INC.

*Appellee.*

Appeal From The United States District Court,
Northern District of California, Case No. 4:21-cv-06561-YGR,
Hon. Yvonne Gonzalez Rogers

APPELLEE NETFLIX, INC.'S OPPOSITION TO APPELLANTS' MOTION FOR LEAVE TO EXCEED THE TYPE-VOLUME LIMITATIONS FOR THE OPENING BRIEF

| MUNGER, TOLLES & OLSON LLP | MUNGER, TOLLES & OLSON LLP |
|---|---|
| Blanca F. Young | Jennifer L. Bryant |
| J. Max Rosen | Cory M. Batza |
| 560 Mission Street | 350 South Grand Avenue |
| Twenty-Seventh Floor | Fiftieth Floor |
| San Francisco, California 94105-2907 | Los Angeles, California 90071-3426 |
| Telephone: (415) 512-4000 | Telephone: (213) 683-9100 |
| Facsimile: (415) 512-4077 | Facsimile: (213) 687-3702 |

Attorneys for Appellee NETFLIX, INC.

# I.

# **INTRODUCTION**

On December 12, 2022, Appellants' counsel sought a "final" extension of the deadline to file their opening brief—originally due on May 31, 2022. Dkt. 26; Dkt. 1-1 at 3.[1] In doing so, they made an unambiguous representation to this Court: "Plaintiffs will submit their brief on January 3, 2023 via an overlength-brief motion. *If that motion is granted, the brief will be submitted as is.*" Dkt. 26 at 4 n.1 (emphasis added). That representation tracked Circuit Rule 32-2, which requires that any motion to file an over-length brief "shall be accompanied by a single copy of the brief that the applicant proposes to file . . . ." Circuit Rule 32-2(a). In granting Appellants a final, fifth extension of the deadline to file their opening brief, this Court stated: "[f]ailure to file the opening brief by January 3, 2023 may result in dismissal of this case for failure to prosecute." Dkt. 29 at 1-2.

Notwithstanding Appellants' representation, this Court's order, and this Circuit's clear rules, on January 3, 2023 Appellants' counsel did not even pretend to timely submit their opening brief. Instead, they filed a vast, unedited draft, totaling more than 42,990 words and 218 pdf pages, replete with unfinished sentences and comments in the margins—forcing Appellee, and this Court, to wade through a behemoth more than three times the 14,000 words permitted by this

---

[1] References to "Dkt. XX" are to the docket in this appeal. References to "ER XX" are to the Excerpts of Record, Dkt. 30.

Court's rules. Dkt. 31-2. In an accompanying "Motion for Leave to Exceed the Type-Volume Limitations For the Opening Brief of Appellants," Appellants did not seek leave to file *this* brief, as Rule 32-2 requires: instead, they asked for permission to file an as-yet-unwritten, hypothetical 20,000-word brief. Dkt. 31-1 at 9. Appellants' request ensures that, whether this Court *grants* or *denies* their motion, they will need more time to submit their final brief. *Id.* It is a request for a *sixth* extension disguised as a motion for an over-length brief.

Stated simply, after five extensions and hundreds of days, Appellants' counsel still blatantly failed to file their opening brief on January 3, 2023, and failed to file a compliant motion for an over-length brief. This Court would be well within its rights to dismiss this appeal. Dkt. 29. Alternatively, at a minimum, this Court should deny Appellants' non-compliant and meritless request to file an over-length brief—and require Appellants immediately to comply with this Circuit's rules and file a 14,000-word opening brief. Appellants have completely failed to make the "showing of diligence and extraordinary and compelling need" required to obtain an expansion of the word limit. Circuit Rule 32-2(a). They have been anything but diligent, and there is no need—let alone an extraordinary and compelling one—for them to file an over-length brief. This is an appeal by family members represented by the same counsel from an order granting a motion to

strike and dismiss. Nothing about it is so unusual or complex that additional pages beyond this Court's already-generous limits are required.

## II.
## PROCEDURAL HISTORY

Appellants have had almost a full year to draft their opening brief since this Court docketed their appeal on February 23, 2022. Dkt. 1-1. The original deadline for their opening brief was May 31, 2022. Dkt. 1-1 at 3. This Court later extended that deadline to August 18, 2022 to facilitate in-person mediation. Dkt. No. 10 at 3. After mediation was unsuccessful, Appellees stipulated to give Appellants a 30-day extension to September 19, 2022. Dkts. 12, 13.

On September 19, 2022, the day that brief was due, Appellants sought another 30-day extension (to October 19, 2022). Dkt. 15. In doing so, they represented that Appellants' counsel would "work as hard as we possibly can on this appeal in the extension timeframe that [was] now being requested." *Id.* at 14. This Court granted the request. Dkt. 18. On October 12, 2022—a week before the opening brief was due—Appellants again asked for an extension, this time of 61 days (to December 19, 2022). Dkt. 20. This Court granted that request, but noted "[t]o facilitate timely submission of cases for decision, the court is not inclined to grant any further motions for extensions of time to file the opening brief." Dkt. 25.

On December 12, 2022, Appellants nevertheless asked for a "final 15-day extension" to "January 3, 2023." Dkt. 26 at 1. They represented to this Court that

3

"Plaintiffs will submit their brief on January 3, 2023 via an overlength-brief motion. If that motion is granted, the brief will be submitted as is. If it is not, the brief will be whittled down to the number of words permitted by the Court." *Id.* at 4 n.1. This Court granted the extension request. Dkt. 29. In doing so, it stated:

> Due to the length of prior extensions, no further motions for an extension of time to file the opening brief will be granted absent new extraordinary and compelling circumstances. Failure to file the opening brief by January 3, 2023 may result in dismissal of this case for failure to prosecute.

*Id.* at 1-2.

Notwithstanding this Court's order and Appellants' representation, Appellants did not "submit their brief . . . as is" on January 3, 2023—far from it. Dkt. 26 at 4 n.1. Instead, they attached to their motion an unfinished brief totaling 42,990 words—almost 30,000 words in excess of this Circuit's 14,000-word limit. Dkt. 31-2; Circuit Rule 28.1-1(b). The brief is rife with unfinished sentences that trail off at the end of pages, and includes un-deleted margin comments. *E.g.*, Dkt. 31-2 at 27, 34, 40, 52, 145. It is not simply a brief that could use tightening. It is wholly unfinished.

Appellants do not argue otherwise. They ask this Court to let them file a 20,000-word brief, less than *half* as many words as the draft they submitted. Dkt. 31-1 at 9. In other words, Appellants concede that they failed to submit a "copy of the brief that the applicant proposed to file." Circuit Rule 32-2. Even were this

4

Court to *grant* Appellants' motion, then, Appellants would, by their own request, require more time to submit a compliant brief. In the face of this Court's admonition that doing so could result in dismissal of this appeal, Appellants' counsel have yet again derailed the briefing schedule in this case. Dkt. 29.

### III.
### ARGUMENT

A. **Appellants Have Failed To Comply With The Requirements Of Rule 32-2 And Failed To Timely File Their Opening Brief**

First, Appellants' failure to comply with Circuit Rule 32-2 alone necessitates denial of their motion; indeed, it is grounds to dismiss the appeal. Under that rule, any motion for an over-length brief "shall be accompanied by a single copy of the brief that the applicant proposes to file . . . ." Circuit Rule 32-2(a); *see also Doreh v. Unknown Rodriguez*, No. 22-15432, 2022 U.S. App. LEXIS 26441 (9th Cir. Sept. 21, 2022), *1-2 (denying motion by pro se party for failure to comply with this requirement). This requirement is important. It allows the Court to evaluate whether a brief is in fact as concise as possible. It promotes diligence by requiring a movant to do the work of producing a final brief so as to credibly represent it could not produce a shorter one. It prevents a litigant from sandbagging their opponent by continuing to hide the ball on the arguments they actually expect to make, while the clock is ticking on the deadline for filing a responsive brief. And crucially, it ensures that a party cannot file a motion for an over-length brief on the

5

date their brief is due as a tactic for buying an extension without moving for one. If this Court *denies* the motion, in whole or in part, it "ordinarily will provide the party . . . 7 days after the entry of the order to file a compliant brief . . . ." Circ. Adv. Comm. Note to Rule 32-2. But the Court does not provide an extension if it *grants* the motion; it accepts the brief for filing.

Appellants are well aware of this requirement. They expressly represented that they would comply with it in seeking their final extension request. Dkt. 26 at 4 n.1. They cited this requirement in the reply brief to that extension request. Dkt. 28 at 1 (citing Circuit Rule 32-2(a)). Nevertheless, in their instant motion, they offer no explanation why they have failed to comply. Were this Court to *grant* Appellants' motion—and give them the 20,000 words they request—their brief could not be "submitted as is." Dkt. 26 at 4 n.1. Rule 32-2 does not allow Appellants to buy themselves a sixth extension by filing a motion for an overlength brief on the very day their brief is due—and fail to attach to that motion the brief they "propos[e] to file." Circuit Rule 32-2(a).

Appellants' refusal to abide by rules and deadlines is particularly egregious, as they have done so repeatedly in this case. Below, the district court chastised Appellants' counsel in *three* separate orders for doing exactly what counsel has done here. *See* ER-323 ("The Court is aware that this is not the first-time amended papers have been filed past Court ordered deadlines without an explanation.

6

Flouting Court orders and local rules is also improper and can result [in] appropriate sanctions."); ER-136 at 2, n.1 (denying Plaintiffs/Appellants' "improper request for reconsideration" to file a "third amended opposition on the heels of Netflix's deadline to file its reply papers," and reprimanding counsel for the "improper tactic" of requesting that the Court defer ruling so that counsel could file an amended brief and then "fail[ing] to timely act as represented"); ER-93 at 2 ("Regardless of the dispute, we also have rules in place to afford all sides an opportunity to be heard. Plaintiffs are and will continue to be provided with fair process. That process requires lawyers to follow the rules and to brief issues fully on the schedule ordered unless otherwise ordered."). The court further admonished counsel at oral argument for their repeated and flagrant disregard of the rules:

> I don't know how regularly you practice in this district, but you have not done a very good job of following our rules, and you need – if you're going to practice in this district, you need to follow the rules. And we just don't allow you to keep seriatim filing—you know, filing new filings. You file things late. Then they don't have an opportunity to respond with the full measure that the rule provides. It was a mess. And you shouldn't practice that way in this district.

ER-10 (Tr. at 7:22 to 8:9.)

Notwithstanding warnings from the District Court and this Court (*see* Dkt. 29), Appellants' counsel have continued to flout the rules, forcing the District Court, Appellee, and now this Court, to expend substantial resources addressing a plethora of improper or late filings. This Court would be well within its rights to

7

dismiss this appeal based on Appellants' counsel's failure to submit a file-ready brief on January 3, 2022—a consequence that the Court expressly warned Appellants about in its December 30, 2022 order. Sanctions against counsel would also be appropriate. *See* Circuit Rule 31-2.3 ("Failure to file the brief timely or advise the Court that no brief will be filed will subject counsel to sanctions"); Circuit Rule 46-2 (authorizing sanctions, *inter alia*, "[a]gainst counsel for conduct that violates the orders or other instructions of the Court, or for failure to comply with the Federal Rules of Appellate Procedure or any Circuit Rule," Circ. Adv. Comm. Note to Rule 46-2); *see also United States v. Merriweather*, 875 F.2d 319 (9th Cir. 1989) ("This court has imposed sanctions under [Federal Rule of Appellate Procedure] 46(c) where the counsel of record is aware of a deadline and his obligation to meet it, and yet fails to do so." (collecting cases). At a minimum, Appellants' motion should be denied based on their non-compliance.

**B.** **Appellants Fail To Show Diligence and Extraordinary and Compelling Need For Any Extension Of The Word Limit**

Even were this Court to entertain Appellants' non-compliant motion—and it should not—that motion should be denied. "The Court disfavors motions to exceed the applicable page or type-volume limits. Except in capital cases, such motions will be granted only upon a showing of diligence and extraordinary and compelling need, such as in a multi-defendant criminal case involving a lengthy

8

trial." Circuit Rule 32-2(a). As the Circuit Advisory Committee note to Rule 32-2 elaborates:

> Motions to exceed the word limit will not be granted absent extraordinary and compelling circumstances. The Court already provides more generous word limits than provided by FRAP and most other Circuits. In almost all cases, the limits provided suffice even for multiple or complex issues. Most overlength briefs could be shorter and unnecessarily burden the Court.

Even where this Court grants such motions, word extensions in non-capital cases are modest in length. *See* B. Types of Procedural Motions, Rutter Group Prac. Guide Fed. Ninth Cir. Civ. App. Prac. Ch. 6-B (the Ninth Circuit will "very seldom grant more than 10 extra pages (or 2,800 words), even in the most complex matters. Indeed, a request for more than five pages, or 1,400 words, likely will draw added scrutiny."). Thus, "counsel requesting more than five additional pages must make a *truly compelling* showing." *Id.*

Here, Appellants ask this Court to grant them 6,000 additional words—vastly exceeding the 14,000 word-limit. Dkt. 31-1 at 9. They do not remotely meet their burden of "showing . . . diligence and extraordinary and compelling need." Circuit Rule 32-2(a).

<u>First</u>, Appellants completely fail to show diligence, and for that reason alone their motion should be denied. Appellants' counsel incredibly states that he has "worked diligently to prepare and edit Appellants' Opening Brief." Dkt. 31-1 at 12 (Grimm Decl. ¶ 1). But, after five extensions and hundreds of extra days, the brief

9

submitted is devoid of any evidence of "edit[ing]": it is more than 22,000 words beyond what counsel himself represents he is asking this Court to grant (Dkt. 31-1 at 9); and it is rife with incomplete sentences and redundancy. In other words, after *months* of extensions, Appellants' counsel has not even tried to create a finished brief by the deadline. This Court previously denied a request to file an over-length brief even where the movant actually filed a proposed final draft and represented that the brief was "extensively reviewed by members of [the] Appellate Section [of the United States' attorneys' office], with the intent to reduce the length." *United States v. Molina-Tarazon*, 285 F.3d 807, 808 (9th Cir. 2002). This case is so far from that line as to render Appellants' request frivolous.

*Second*, Appellants cite nothing to show that this appeal presents any "extraordinary and compelling need" that would justify exceeding the word limit— even if they had acted diligently. Circuit Rule 32-2(a). This is an appeal from the grant of a motion to strike and to dismiss Appellants' amended complaint. There is no voluminous trial record. The district court granted Appellee's motions in a concise (and correct) six-page order. ER-3; *see also* ER-10 (18-page oral argument transcript). Although Appellants repeatedly state, without detail, that this case involves a "high degree of factual and technological complexity," Dkt. 31-1 at 3, 8, 13, the appeal actually involves the legal sufficiency of a complaint that totals 94 paragraphs and 26 pages. ER-972. This is not the kind of case that

involves "unusually voluminous information explaining relevant background or legal provisions," or requires Appellants to "respond to multiple briefs by opposing parties or amici," which might justify expanding the word limit. 2016 Advisory Committee Notes to Fed. R. App. P. 32 (emphasis added)).

Appellants also assert that this appeal involves multiple, complex issues. Appellee disputes that that is the case, but regardless, "[i]n almost all cases, the limits provided suffice even for multiple or complex issues." Circ. Adv. Comm. Note to Rule 32-2; *see also Kernan v. Comm'r*, 108 T.C.M. (CCH) 503 (T.C. 2014), *aff'd sub nom. Kernan v. Comm'r of Internal Revenue,* 670 F. App'x 944 (9th Cir. 2016) ("Judges impose page limits for a reason. They force parties to hone their arguments and to state those arguments succinctly. Page limits cause, or should cause, parties to dispense with arguments of little or no merit in favor of those arguments that have a better chance of carrying the day. They encourage parties to avoid redundancy. And repetition.") It is not uncommon for this Court to hear appeals with numerous and complex issues, and the existing word limits account for that. Likewise, this Court frequently hears appeals in cases involving the loss of life, liberty, and other serious matters. Such circumstances alone do not justify expanding the word limit—and they certainly do not excuse the repeated and flagrant disregard of the rules demonstrated by Appellants' counsel here.

Appellants' attempt to analogize their case to others in which this Court has granted leave to file over-length briefs fails. Two of the orders referenced by Appellants were criminal appeals in *capital* cases. *See Smith v. Ryan*, No. CV-03-01810-PHX-SRB, 2019 U.S. Dist. LEXIS 125814, *1 (Dist. Ariz. July 29, 2019) ("Death Penalty Case"); *Lewis v. Davis*, No. 1:03-cv-06775-LJO-SAB, 2018 U.S. Dist. LEXIS 210612, *1 (E.D. Cal. Dec. 12, 2018) ("Death Penalty Case"). For obvious reasons, capital cases are not subject to the same standard for over-length briefs. Circuit Rule 32-2 *("[e]xcept in capital cases*, [motions to exceed word limits] will be granted only upon a showing of diligence and extraordinary and compelling need") (emphasis added). Appellants also rely on *United States v. Torres,* 170 F.3d 749, 751 (7th Cir. 1999) (Dkt. 31-1 at 8-9), but that decision involved a joint brief by multiple defendants in an appeal from a criminal trial— the archetypal example in this Circuit where an over-length brief *may* be necessary. *See id.* at 750; Circuit Rule 32-2(a).

In sum, Appellants have not come close to meeting their burden of showing they should be allowed additional words for their brief. If Appellants' counsel are unable to edit their (currently 42,990-word) brief to 14,000 words or fewer—it is not because such concision cannot reasonably be accomplished. It is because they are completely unwilling to hold themselves to the standards of diligence, competence, and concision expected of lawyers before this Court.

12

## IV.

## CONCLUSION

This Court could well dismiss this appeal outright. Should it decline to do so, it should consider an appropriate sanction against counsel and at a minimum require that Appellants immediately file an opening brief of no more than 14,000 words. To hold otherwise would reward and incentivize Appellants' counsel's utter lack of diligence and unwillingness to follow this Court's orders and rules.

Respectfully submitted,

DATED: January 6, 2023　　　MUNGER, TOLLES & OLSON LLP

By: ___*s/ Blanca F. Young*___
　　BLANCA F. YOUNG
Attorneys for Appellee NETFLIX, INC.

## CERTIFICATE OF COMPLIANCE PURSUANT TO
## FED. R. APP. 32 AND CIRCUIT RULE 32-1

Pursuant to Fed. R. App. P. 32 and Ninth Circuit Rule 32-1, I certify that the attached brief is proportionally spaced, has a typeface of 14 points and contains 3,137 words.

DATED: January 6, 2023　　　MUNGER, TOLLES & OLSON LLP

By: ___*s/ Blanca F. Young*___
　　BLANCA F. YOUNG
Attorneys for Appellee NETFLIX, INC.

13

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: January 6, 2023              Respectfully submitted,

                               *s/ Blanca F. Young*
                               BLANCA F. YOUNG