CASE NO. 22-15260

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THE ESTATE OF ISABELLA "BELLA", et al.

*Appellants,*

vs.

NETFLIX, INC.

*Appellee.*

Appeal From The United States District Court,
Northern District of California, Case No. 4:21-cv-06561-YGR,
Hon. Yvonne Gonzalez Rogers

APPELLEE NETFLIX, INC.'S MOTION TO STRIKE CORRECTED DKT. 31 ("MOTION FOR LEAVE TO EXCEED THE TYPE-VOLUME LIMITATIONS FOR THE OPENING BRIEF OF APPELLANTS")

| MUNGER, TOLLES & OLSON LLP | MUNGER, TOLLES & OLSON LLP |
|---|---|
| Blanca F. Young | Jennifer L. Bryant |
| J. Max Rosen | Cory M. Batza |
| 560 Mission Street | 350 South Grand Avenue |
| Twenty-Seventh Floor | Fiftieth Floor |
| San Francisco, California 94105-2907 | Los Angeles, California 90071-3426 |
| Telephone: (415) 512-4000 | Telephone: (213) 683-9100 |
| Facsimile: (415) 512-4077 | Facsimile: (213) 687-3702 |

Attorneys for Appellee NETFLIX, INC.

# I.

# **INTRODUCTION**

On January 3, 2023, the day their Opening Brief was due, Appellants filed a motion for leave to file an over-length brief asking the Court to allow them 20,000 words for their Opening Brief. Ex. A (Original Dkt. 31-1.)[1] The proposed brief that accompanied that filing, however, was over 40,000 words long. Ex. A (Original Dkt. 31-2). As Appellee pointed out in its January 6, 2023 opposition to the motion, this meant that whether the Court granted or denied the motion, Appellants were effectively attempting to give themselves an unauthorized extension of time to file a yet-to-be-drafted brief of either the default 14,000 words or the requested 20,000 words in length, and had consequently failed to meet this Court's January 3, 2023 filing deadline for their Opening Brief. Dkt. 34. Appellee noted that this Court would be well within its rights to dismiss the appeal, having expressly warned Appellants that it would grant no other extensions and that dismissal could result from failure to file an Opening Brief by January 3, 2023. *Id.*; Dkt. 29.

---

[1] Because, as noted herein, Appellants have now filed a "corrected" version of this docket entry, the original is no longer on the docket. As such, Appellee—to highlight the belated, substantive changes Appellants made via their "correction"—have attached the original version as Exhibit A.

On January 10, 2023, Appellants filed a new motion for leave to file an over-length brief—styled as a purported "correction" to Appellants' January 3, 2023 motion. Dkt. 31.[2] This "corrected" filing was made in tandem with the filing of a new "corrected" Opening Brief that cleaned up some (but not all) of the obvious signs that Appellants had made no diligent effort to meet the Court's January 3, 2023 deadline—such as a stray margin comment, typographical errors, unfinished sentences and sections of the brief, incorrectly-formatted citations, and an incomplete Table of Authorities. Dkt. 35; *see also* Exs. B and C (redlined comparison showing changes made by the "corrected" filings to the brief and motion for leave that Appellants filed on January 3, 2023).[3] The "corrected" Opening Brief is 39,230 words long.

The so-called "corrected" motion to file an over-length brief completely changes the relief Appellants request. Rather than requesting that this Court allow Appellants to file an opening brief of "20,000 words," Ex. A (Dkt. 31-1 at 9), the

---

[2] After Appellants' "correction," Dkt. 31 now reflects only their amended brief.
[3] The "corrected" brief also reflects numerous substantive edits. For instance, Appellants' changes to their record cites are not purely technical: they have repeatedly changed the portions of the record they are citing altogether—not simply altered citations so they are now to the amended ER. *Compare, e.g.*, Dkt. 35 at 18 (citing 6-ER-974-975 ¶¶ 27-31) with Ex. A (Dkt. 31-2 at 19) (citing 6-ER-979 ¶¶ 27-28); *compare, e.g.*, Dkt. 35 at 22 (citing 6-ER-1137-1160) with Ex. A (Dkt. 31-2 at 23) (citing 6-ER-1073); *see generally* Ex. B (redline).

"corrected" motion asks that the Court allow them to file an opening brief of "39,230 words—or as much as the Court will permit." Dkt. 31 at 9.

This Court should strike this amended motion, improperly filed without leave of court under the guise of a so-called "correction" after Appellee filed its opposition. Regardless, even were the Court to consider this new amended filing, as Appellee explained in its opposition to the original January 3, 2023 motion, this Court should dismiss this appeal on the basis of Appellants' failure to timely file an opening brief or, in the alternative, require Appellants to immediately submit a brief of no more than 14,000 words. Dkt. 34.

## II.
## ARGUMENT

***First***, this Court should strike Appellants' new motion to file an over-length brief. The clearly substantive edit Appellants have made to that motion is not a "correction": it represents an obvious—if futile—attempt to respond to the clear deficiency with the original motion that Appellee identified in its January 6, 2023 opposition. Dkt. 34. Appellants are not permitted to use a correction to file an amended motion *after* Appellee has already opposed.

As Appellee explained in opposing Appellants' original January 3, 2023 motion, that motion did not even *pretend* to attach a "copy of the brief that the applicant proposed to file." Circuit Rule 32-2; Dkt. 34. Instead, Appellants asked

3

for leave to file a 20,000-word brief—a brief less than half the length of the 40,000-word plus draft brief Appellants attached to that motion. *See* Dkt. 34.

Appellants' "corrected" motion quietly does away with this request for a 20,000-word brief—now that Appellee has made clear that that request alone dooms the motion. Instead, Appellants purport to request that this Court allow them to submit a 39,230-word brief. This amendment is, presumably, a belated attempt at technical compliance with Circuit Rule 32-2—*i.e.*, Appellants are, as a literal matter at least, now asking that the Court let them file the almost 40,000-word brief they have submitted.

This approach is not surprising. As Appellee detailed in its opposition to Appellants' original motion, Appellants have *repeatedly*, at the district court level and now before this Court, ignored Court orders and deadlines, filing substantive amendments days or weeks after the deadline passed to file their briefs. Dkt. 34 at 6-8 (collecting district court orders and admonishments). This *file-now, amend later* strategy has forced Appellee to draft countless additional submissions—wasting Appellee's time, the district court's time, and now this Court's time. Appellants' choice to "correct" their motion for leave, after Appellee filed its opposition, is more of the same. The correction should be struck.

**<u>Second</u>**, even were this Court to consider this amended (not "corrected") motion), Appellants have failed entirely to fix the fatal deficiencies with their

original motion. As Appellee explained in its original opposition—incorporated here in full—Appellants' appeal should be dismissed or, in the alternative, their motion denied. Dkt. 34.

Appellants' request to file a 39,230 word-brief—rife with errors and completely lacking even a modicum of editing and concision—is frivolous. As Appellants' *original* request for only 20,000 words makes clear, even they do not believe this Court would or should allow them leave to file the vast draft they submitted on January 3. Thus, their "corrected" motion—no less than their original one—fails to comply with Rule 32-2. It is an obvious and improper attempt to use Rule 32-2 to buy an extension Appellants are not entitled to. Appellants fully expect this Court to deny the instant motion—and in doing so, give them a further seven days to cut their brief to size. By the time that the Court does so, Appellants will have had *weeks* of further time to revise, cut down, and proof-read their opening brief. Thus, by abusing Rule 32-2, Appellants seek to bypass this Court's clear admonishments, in its December 30, 2022 Order, that "no further motions for an extension of time to file the opening brief will be granted absent new extraordinary and compelling circumstances" and that "[f]ailure to file the opening brief by January 3, 2023 may result in dismissal of this case for failure to prosecute." Dkt. 29.

This Court should not permit such obvious gamesmanship, which violates the spirit and letter of this Court's rules. It is now January 11, 2023—more than a week after the deadline this Court set for Appellants' opening brief. Appellants have not timely submitted an opening brief that this Court could or should accept for filing after more than 10 months of time to prepare it. Their appeal should be dismissed. At a minimum, this Court should not reward Appellants' counsel's conduct by allowing the opening brief to exceed this Court's already "generous" 14,000-word limit. Circ. Adv. Comm. note to Rule 32-2.

Regardless, as Appellee explained in its opposition to Appellants' original motion, Appellants have also failed to make a "showing of diligence and extraordinary and compelling need," Circuit Rule 32-2(a), that would justify allowing them to exceed the word limits. Dkt. 34. Appellants' new opening brief, like the one they submitted on January 3, 2023, shows not the slightest evidence—after more than five extensions—of editing or concision.

Furthermore, nothing about that brief, or this case more generally, merits allowing Appellants' counsel to force Appellee and this Court to review and respond to a brief thousands of words beyond the permissible limit. As Appellee explained in opposing Appellants' original motion, this is an appeal from an order dismissing and striking an amended complaint. Dkt. 34 at 10-12. Appellants have nevertheless now asked this Court to let them file a brief totaling 39,230 words.

6

That is more than 10,000 words more than this Court allowed the two *capital* defendants in the orders on which Appellants rely. Dkt. 31 at 8; Dkt. 34 at 12. Appellants have not remotely justified the relief they seek. Providing them more than 14,000 words would reward their complete lack of diligence and contradict the Circuit Advisory Committee's Note that "[i]n almost all cases, the [14,000-word] limits provided [by this Circuit] suffice even for multiple or complex issues." Circ. Adv. Comm. Note to Rule 32-2.

DATED: January 11, 2023

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By:     *s/ Blanca F. Young*
BLANCA F. YOUNG
Attorneys for Appellee NETFLIX, INC.

## CERTIFICATE OF COMPLIANCE PURSUANT TO FED. R. APP. 32 AND CIRCUIT RULE 32-1

Pursuant to Fed. R. App. P. 32 and Ninth Circuit Rule 32-1, I certify that the attached brief is proportionally spaced, has a typeface of 14 points and contains 1,519 words.

DATED: January 11, 2023

MUNGER, TOLLES & OLSON LLP

By:     *s/ Blanca F. Young*
BLANCA F. YOUNG
Attorneys for Appellee NETFLIX, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: January 11, 2023                    Respectfully submitted,

                                          *s/ Blanca F. Young*
                                        BLANCA F. YOUNG