CASE NO. 22-15260

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

THE ESTATE OF ISABELLA "BELLA", et al.

*Appellants,*

vs.

NETFLIX, INC.

*Appellee.*

Appeal From The United States District Court,
Northern District of California, Case No. 4:21-cv-06561-YGR,
Hon. Yvonne Gonzalez Rogers

APPELLEE NETFLIX, INC.'S RESPONSE TO MOTION TO FILE SUBSTITUTED BRIEF, TO RESET ANSWERING-BRIEF DEADLINE, AND TO CLARIFY APPELLATE RULES 32(F)-(G)

| MUNGER, TOLLES & OLSON LLP | MUNGER, TOLLES & OLSON LLP |
|---|---|
| Blanca F. Young | Jennifer L. Bryant |
| J. Max Rosen | Cory M. Batza |
| 560 Mission Street | 350 South Grand Avenue |
| Twenty-Seventh Floor | Fiftieth Floor |
| San Francisco, California 94105-2907 | Los Angeles, California 90071-3426 |
| Telephone: (415) 512-4000 | Telephone: (213) 683-9100 |
| Facsimile: (415) 512-4077 | Facsimile: (213) 687-3702 |

Attorneys for Appellee NETFLIX, INC.

50180810.2

Shortly after Appellants filed their Opening Brief on January 25, 2023, Appellee alerted Appellants that the brief was over-length—even after this Court expressly denied Appellants' motion to file an over-length brief. In response, on February 06, 2023, Appellants moved this Court for leave to file a substituted brief that reduces the number of words in their Opening Brief. Specifically, the substituted brief moves the Relevant Statutory Provisions section of the brief into an addendum at the end of the brief, and removes a few hundred words from the remaining sections of the brief. Appellants, only in the alternative, request that this Court address their arguments for why the January 25, 2023 version of the Opening Brief was in fact at-length. Mot. at 1.

Appellee **does not oppose** Appellants' request that this Court substitute the proposed substituted (and shorter) Appellants' Opening Brief for the January 25, 2023 brief and reset the deadline for Appellee to answer as of the date this Court accepts that brief.[1]

---

[1] Appellee has reviewed the redlined version of the Opening Brief submitted on February 6, 2023. Dkt. No. 44-2. Appellee's consent to Appellants' request is contingent on the red-line accurately representing all changes made from the January 25, 2023 version of the brief to the February 6, 2023 proposed one. Additionally, Appellee *does not* understand Appellants to request that any *other* deadlines besides Appellee's answer deadline (and the reply deadline keyed off of it) be extended—including the February 1, 2023 deadline for *amici* to submit a brief supporting Appellants, which has already passed. *See* Fed. R. App. P. 29(a)(6) ("An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed."). Subject to that understanding, Appellee does not oppose Appellants' request.

Although there is no need for this Court to go further, Appellee *does* dispute that Appellants' January 25, 2023 brief was compliant with this Court's 14,000-word limit.

Appellants spill pages of ink explaining why they believed Federal Rule of Appellate Procedure 32(f) permitted them to exclude from the word count the section of the Opening Brief labeled "Relevant Statutory Provisions." Mot. at 4-12; Dkt. No. 39, at 3-8. But Appellants concede that, *even without that section*, the remainder of their brief was at least 14,210 words according to the conventional word-count provided by Microsoft Word. Mot. at 15-16. Appellants' red-line makes that clear: even after moving the Relevant Statutory Provisions section into an addendum, Appellants had to make numerous changes to the text of their brief to get it to length. Dkt. No. 44-2.

Appellants apparently concluded that their January 25, 2023 brief was at-length by manually counting and subtracting from the Microsoft Word count symbols and record citations. Mot. at 13-14 (asserting, *inter alia*, that "1-ER-1" and other symbols "are not words" and stating that "the very concept of a word remains controversial"). But there is no question that record citations count towards the word count. *See Vermillion v. Corizon Health, Inc.,* 906 F.3d 696, 697 (7th Cir. 2018) (affirming that "citations to the record or appendix" are included in the word count (citing Fed. R. App. P. 32(f)); *id.* (ordering party to "file a new brief with fewer than 14,000 countable words. The count must start with the software's 'Word Count' panel and include footnotes. Only those items listed in Rule 32(f) may be excluded."); *Sanders v. BNSF Ry. Co.,* No. 17-CV-5106 (ECT/KMM), 2019 WL 5448309 at *1 n.2 (D. Minn. Oct. 24, 2019) (criticizing a party for attempting to reduce the word count of a brief by omitting spaces between "¶" and other symbols in "record citations"); § 15:2, Citing excerpts of record, Federal Appellate Practice: Ninth Circuit (2022-2023 Ed.) ("Parties should

welcome the new citation system, as it minimizes the word count consumed by record citations.") Contrary to Appellants' suggestion, neither Local Rule 30-1.6 nor Local rule 32-1 remotely "instruct[s]" to the contrary. Mot. at 13.

Appellants' brief was thus over-length irrespective of whether the Relevant Statutory Provisions section of their brief is treated as an "addendum" exempted from the word count. Although immaterial to the outcome, Appellants are also incorrect on that issue. Federal Rule of Appellate Procedure 32(f) excludes from the word count an "addendum containing statutes, rules, or regulations." Fed. R. App. P. 32(f). Appellants' "Relevant Statutory Provisions" section, included in the body of their brief, was *not* an "addendum." An addendum, under the Federal Rules of Appellate Procedure, and this Court's local rules, is not "in the brief"—it is either at the end of it or provided separately. *See* Fed. R. App. P. 28(f) (stating that a party may include the text of relevant "[s]tatutes, rules," and "[r]egulations … in the brief *or* in an addendum at the end" (emphasis added)); Local Rule 28-2.7 ("[p]ertinent constitutional provisions, treaties, statutes, ordinances, regulations or rules must be set forth verbatim and with appropriate citation *either* (1) following the statement of issues presented for review *or* (2) in an addendum introduced by a table of contents and bound with the brief or separately …." (emphases added)); United States Courts for the Ninth Circuit, Appellate Practice Guide, Shell Brief, at 3, available at https://www.ca9.uscourts.gov/guides/appellate-practice-guide/ ("Although not required under the rules, you may reproduce the text of the governing constitutional, statutory, or regulatory authority [in the body of the brief]. Doing so, however, will count against the total number of words in the brief.")

Although Appellants failed to comply with this Court's rules governing the word count and filed an over-length brief, Appellee does not oppose this Court accepting the substitute brief and resetting Appellee's response deadline accordingly.

DATED: February 7, 2023

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By: *s/ Blanca F. Young*
BLANCA F. YOUNG
Attorneys for Appellee NETFLIX, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: February 7, 2023

Respectfully submitted,

*s/ Blanca F. Young*
BLANCA F. YOUNG