**Appeal No. 22-15260**

---

**United States Court of Appeals**

**for the Ninth Circuit Court.**

---

The Estate of Isabella "Bella" Herndon; John Herndon; J.H., a minor; T.H., a minor

*Plaintiff-Appellants,*

v.

Netflix, Inc.

*Defendant-Appellee*

---

On Appeal from the United States District Court for the Northern District of California

No. 4:21-cv-06561-YGR

Hon. Yvonne Gonzalez Rogers, United States District Judge

---

Motion to File Brief as Amicus Curiae in support of Appellants

---

Dr. Michal Lavi

The Hadar Jabotinsky Center for Interdisciplinary Research of Financial Markets, Crisis and Technology
29 Ha'Oren St., P.O Box 80, Timrat 3657600, Israel
(+972) 506384770

michal24000@walla.com

**Motion to File Brief as Amicus Curiae in support of Appellants**

## A. Interest of Amicus Curiae [1]

*Amicus* Dr. Michal Lavi Ph.D (Law) - a Senior researcher at the Hadar Jabotinsky Center for Interdisciplinary Research of Financial Markets, Crises and Technology, a non-profit institute based in Israel.

Dr. Lavi has been researching and publishing on intermediaries' liability for over a decade. Dr. Lavi is the author of the book: Intermediaries' Liability for Speech Torts: Social Context Law and Technology (2018). Her researches, that were published in leading U.S. Law Reviews, focus on intermediaries' liability for speech torts, incitement, shaming and other harmful digital expressions, and on Section 230 CDA and the exceptions to it.

In particular, Dr. Lavi wrote articles about liability for algorithmic incitement,[2] ways to mitigate sharing of fake news,[3] algorithmic targeting of defamation and fake news[4] and algorithmic manipulation.[5]

Dr. Michal Lavi submits this brief to explain the practice of algorithmic recommendations and targeting, the risk such targeting causes and its harm, possible prevention measures that could be reasonably taken to prevent it. The brief also aims to explain why in light of new sophisticated algorithmic based technology to process user data content, recommend on content and process it, the questions of liability and accountability should be revisited.

---

1(i) no party's counsel authored the brief in whole or in part; (ii) no party's counsel contributed money that was intended to fund preparing or submitting the brief, and (ii) no person other than amicus curiae contributed money that was intended to fund preparing for submitting the brief .
[2] Michal Lavi , *Do Platforms Kill?* 43 **Harv**. J.L & Public Pol'y 477 (2020)
[3] Michal Lavi, *Publish, Share, Re-tweet and Repeat* 54 **U. Mich**. J.L REFORM 441 (2021)
[4] Michal Lavi, *Targeting Exceptions*, 32 **FORDHAM** INTELL. PROP. MEDIA & ENT. L.J.65 (2021)
[5] Michal Lavi, *Manipulating, Lying, Engineering the Future*,33 **FORDHAM** INTELL. PROP. MEDIA & ENT. L.J 221(2023).

B. **Value of this Brief**

This Amicus brief in support of the plaintiff appellants is regarding an issue of significance in the digital age, that is important today more than ever, with the development of targeting, influence manipulation that can cause harm to susceptible children and result in self-harm.

Notably, that the harm of algorithmic influence is expected to be heard by U.S. Supreme Court in a related context of terrorist content.[6] The issue there is different as it involves Section 230 CDA, whereas in the case of Henderson the intermediary Netflix, repeats its own content by targeting it, and not third-parties. However, the fact that the U.S Supreme court demonstrates that the harm of targeting in the digital age poses a major problem that could cost lives.

This Amicus Curie Brief aims to (1) provide analysis on how targeting works by giving different examples, and explain the tremendous harm of targeting the susceptible, and minors in particular; (2) it aims to provide policy analysis regarding the need to deter such practices of targeting by imposing liability on intermediaries that are design negligently and breach their duty of care towards it users. The Brief relies on recent court decisions regarding liability for unsafe design. It also addresses the "failure to warn" cause of action; (3) Finally, it addresses First Amendment concerns regarding liability and argues that the idea of imposing liability for targeting susceptible minors is in line with the First Amendment.

I believe that it is one of the first appeals on these important issues of targeting the susceptible, which will undoubtedly become increasingly relevant in U.S. courtrooms and around the world, especially when the new generation of metaverse platforms emerge and increase the harmful influence of targeting. This brief raises important and timely real -world problem and support the victims of such negligent targeting of susceptible minors in order to mitigate harm of the harmful consequences of such targeting.

---

[6] Ariel Kahana, Israeli NGO Gets U.S. Supreme Court Nod in Bid to Hold Social Media Accountable for Terror, ISRAEL HAYOM, https://www.israelhayom.com/2022/10/09/israeli-group-gets-supreme-court-nod-in-bid-to-hold-social-media-accountable-for-terrorism/ (Oct. 10, 2022); Ex-Israeli Intel Officials to SCOTUS: Social Media Platforms Aid, Abet Terrorism, JERUSALEM POST, https://www.jpost.com/arab-israeli-conflict/article-724586 (Dec. 12, 2022).

## C. Consent

Netflix has given assent to the filing of the brief.

    Respectfully,

        Date:2/8/2023

*M. Lavi*

_____

Dr. Michal Lavi, Ph.D (Law)