# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE ESTATE OF ISABELLA "BELLA" HERNDON, JOHN HERNDON, J.H., a minor, AND T.H., a minor,<br><br>*Plaintiff-Appellants*,<br><br>v.<br><br>NETFLIX, INC.,<br><br>*Defendant-Appellee*. | Civil Appeal No. 22-15260 |

## REPLY IN SUPPORT OF MOTION TO FILE SUBSTITUTED BRIEF, TO RESET ANSWERING-BRIEF DEADLINE, & CLARIFY RULES 32(f)-(g)

Plaintiff-Appellants the Estate of Isabella "Bella" Herndon, John Herndon, J.H., a minor, and T.H., a minor, have moved for leave to file a substituted Opening Brief that would moot two technical disputes between the Parties on the interpretation of the Federal Rules of Appellate Procedure, and to reset the Answering-Brief deadline. In the alternative, they have moved for the Court to clarify the meaning of Appellate Rules 32(f)-(g), accept the Opening Brief as filed, and to reset the Answering-Brief deadline.

Defendant-Appellee Netflix, Inc., has responded to the Motion indicating its non-opposition to the filing of the substituted Opening Brief. 9th Cir. Dkt. 48. Therefore, because Defendant "**does not oppose**" the filing of the substituted brief and the resetting of the Answering-Brief deadline, id. at 2 (emphasis in original), the Court could simply grant that relief to dispose of this Motion.

1

Three points are made in reply.

***First***, Defendant "**does not oppose**" the filing of the substituted Opening Brief and a reset of the Answering-Brief deadline. 9th Cir. Dkt. 48 at 2 (emphasis in original). So, although the Parties remain in disagreement about the correct interpretation of Appellate Rules 32(f)-(g), the filing of the substituted brief would moot both of those disputes and permit the Court to summarily grant the Motion without further ado.

***Second***, although it is now no longer necessary to reach these issues, Defendant's response does not clearly articulate the Parties' disputes as to Appellate Rules 32(f) and 32(g), so it's worth restating the disputes:

- *Statutory-Addendum Placement*: Defendant reads the word "addendum" in Rule 32(f) to be an implicit condition. 9th Cir. Dkt. 48 at 4. On Defendant's view, if the verbatim recitation of relevant statutes is *not* placed at the end of the brief, then that recitation is *not* an *addendum* containing statutes and, therefore, is *not* excluded from the word count. Id. Plaintiffs, however, give numerous authorities showing that the definition of the word addendum doesn't necessitate placement at the end, but also permits insertion toward the front of a brief.

- *Microsoft Word's Wordcount*: Defendant believes that the "conventional word-count provided by Microsoft Word" is controlling as to the count of *words* in a brief—even where Microsoft Word counts as words symbols that are *not* words, such as asterisks (*). See 9th Cir. Dkt. 48 at 3-4. Plaintiffs dispute that the Microsoft Word wordcount is controlling because the Rules indicate that a party "*may* rely on the word or line count of the word-processing system used to prepare the document"—not that a party *must* rely upon it.

*Third*, although mooted by the substitution of the Opening Brief, Plaintiffs continue to believe that Defendant's positions are incorrect both as to Appellate Rule 32(f) (on the addendum) and as to Appellate Rule 32(g)(1) (on whether symbols likes asterisks count as words).

As to the *addendum*, Defendant simply ignores Plaintiffs' cited *legal* and *non-legal* dictionaries showing that the word addendum does not necessitate placement at the end. See 9th Cir. Dkt. 48 at 4. Instead, Defendant simply insists *ipse dixit* that the word addendum requires, definitionally, placement at the end. Of course, if an "addendum" was always placed *at the end*, then Rule 28(f) would not speak of an "addendum *at the end*[.]" See Fed. R. App. P. 28(f). Rule 28(f), presumably, is not being redundant when it says "addendum *at the end*."

And, the rule at issue, Rule 32(f), speaks merely of an "addendum"—not an addendum *at the end*—undermining Defendant's reading that Rule 32(f) conditions the addendum's exclusion from wordcount upon placement.[1]

Defendant's authorities do not address this question. Defendant simply reads the word addendum in its favor—begging the question raised. The *only* source that Defendant can find to support its position is a statement in an appellate practice guide that, itself, has no citation to authority—no citation to the text of Rule 32(f), to the Rule's advisory committee notes, or to any case law interpreting Rule 32(f) or its predecessors. This statement is unsupported.

In sum, the Rules have consistently excluded a statutory addendum from the wordcount since their inception over 60 years ago. The text, advisory committee notes, context, and legal and non-legal dictionaries favor Plaintiffs' position. And, Defendant cannot locate a single *authority* supporting its position. That's because Defendant's position is incorrect.

Although an addendum is *often* placed at the end of a document, an addendum can *also* be inserted elsewhere in a document, as the legal and non-legal definition of the word confirms. Thus, Rule 32(f) is indicating that the addendum is excluded from word count, whether placed up front or at the end (or in a pamphlet).

---

[1] It's notable that the bullet-pointed list in Rule 32(f) puts the word "addendum" *in the middle* of the bullet-pointed list, not at the end.

Likewise, Defendant is similarly mistaken in thinking that reliance upon the word-processor wordcount is mandatory.

The Rules make that clear when they say that a party "**may** rely on the word or line count of the word-processing system used to prepare the document." Fed. R. App. P. 32(g)(1) (emphasis added). In other words, the word-processor system, let alone a single proprietary company's wordcount methodology, is not dispositive of the meaning of what counts as a word under Appellate Rule 32(g)(1). Rather, it depends upon whether the Court concludes that certain *symbols*—*, ¶, §, 1-ER-1— are *words*.

Defendant cites no authority indicating that these symbols are words for the purposes of the Appellate Rules. Sanders v. Burlington Northern Santa Fe Ry., 2019 U.S. Dist. LEXIS 184105, *2 n.2 (D. Minn. Oct. 24, 2019) doesn't. Rather, it pertains to a District of Minnesota local rule and, regardless, gives no reason to think the *symbol* ¶ is actually a *word*. See id. Likewise, Vermillion v. Corizon Health, Inc., 906 F.3d 696, 697 (7th Cir. 2018) (Easterbrook, in chambers), instructs that "the fact that Rule 32 does not 'specifically include' any category of words does not imply that they don't count toward the limit." Id. That reasoning is impeccable, but doesn't address the threshold question—*are the relevant symbols at issue here* (*, ¶, §, 1-ER-1) *words*?

Plaintiffs submits that they are *not* words.

Defendant has no authority for the proposition that these symbols *are* words under the Appellate Rules.

For example, Defendant's citation to a source noting that the ER-citation style "minimizes the word count consumed by record citations"—makes sense in the context that attorneys most often simply rely upon the Microsoft Word wordcount, even though it is not mandatory to do so. So, the simplification of the citation style to 1-ER-1 makes reliance upon the Microsoft Word wordcount closer to an accurate count of words (without requiring an attorney to go to the trouble of excluding non-word symbols manually). As such, this source is by no means authority to consider *mandatory* what Rule 32(g)(1) makes *optional* (*i.e.*, reliance upon word-processor word counts). And, this source gives no reason to think that these symbols are words within the meaning of Rule 32(g)(1).

Ultimately, Defendant's reading of the Rules is incorrect but, regardless, these disputes are rendered moot upon acceptance of the substitute brief.

\* \* \* \* \*

As the filing of the substituted Opening Brief and resetting of the Answering-Brief moots the Parties disputes over Rules 32(f)-(g), and because Defendant has now indicated that it "**does not oppose**" the filing of a substituted brief, this Motion is now essentially **unopposed**. The Court can simply accept the substituted Opening Brief as proffered and reset the Answering-Brief deadline.

Date: February 14, 2023								Respectfully submitted,

>*/s/ Andrew Grimm*
>Andrew Grimm
>DIGITAL JUSTICE FOUNDATION
>15287 Pepperwood Drive
>Omaha, Nebraska 68154
>(531) 210-2381
>Andrew@DigitalJusticeFoundation.org
>
>*Attorney for The Estate of Isabella "Bella" Herndon, John Herndon, J.H., a minor, T.H., a minor*

## CERTIFICATE OF COMPLIANCE

This Motion contains **1,444** words (in sole reliance upon the Microsoft Word wordcount).

This Motion was prepared in Microsoft Word using Times New Roman 14-point font.

Date: February 14, 2023                    Respectfully submitted,

                                           */s/ Andrew Grimm*
                                           Andrew Grimm

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: February 14, 2023　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Andrew Grimm*
　　　　　　　　　　　　　　　　　　Andrew Grimm