CASE NO. 22-15260

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

THE ESTATE OF ISABELLA "BELLA", et al.

*Appellants,*

vs.

NETFLIX, INC.

*Appellee.*

Appeal From The United States District Court,
Northern District of California, Case No. 4:21-cv-06561-YGR,
Hon. Yvonne Gonzalez Rogers

APPELLEE NETFLIX, INC.'S UNOPPOSED REQUEST TO EXTEND THE ANSWERING BRIEF DEADLINE

| MUNGER, TOLLES & OLSON LLP | MUNGER, TOLLES & OLSON LLP |
|---|---|
| Blanca F. Young | Jennifer L. Bryant |
| J. Max Rosen | Cory M. Batza |
| 560 Mission Street | 350 South Grand Avenue |
| Twenty-Seventh Floor | Fiftieth Floor |
| San Francisco, California 94105-2907 | Los Angeles, California 90071-3426 |
| Telephone: (415) 512-4000 | Telephone: (213) 683-9100 |
| Facsimile: (415) 512-4077 | Facsimile: (213) 687-3702 |

Attorneys for Appellee NETFLIX, INC.

Pursuant to Federal Rules of Appellate Procedure 26 and 27, and Local Rule 31-2.2, Appellee Netflix, Inc. ("Netflix" or "Appellee") hereby requests a 60-day extension of time to file the Answering Brief, currently due on March 27, 2023, to and including May 26, 2023. This is Netflix's first noticed motion for an extension. Appellants consent to this request.

This unopposed extension is necessary and justified for four reasons:

*First*, Appellants' Opening Brief ("AOB") was only accepted by this Court in its final form on March 6, 2023. On January 3, 2023, Appellants sought leave to submit a brief more than twice the word limit. Dkt. No. 31. On January 18, 2023, this Court denied that motion. Dkt. No. 38. On January 25, 2023, Appellants submitted their opening brief. Dkt. No. 39. Shortly thereafter, however, counsel for Netflix notified them of its position that the brief was still over the word limit. On February 06, 2023, Appellants submitted a motion "to file substituted brief, to reset answering-brief deadline, and to clarify appellate rules 32(f)-(6)." Dkt. No. 44. Netflix did not oppose. Dkt. No. 48. On March 6, 2023, this Court granted that motion. Dkt. No. 53. Thus, Netflix did not have confirmation on the final form of the AOB until March 6, 2023.

*Second*, and relatedly, in their briefing on Appellants' motion to file a substitute brief (Dkt. No. 44), Appellants and Netflix expressly agreed that Netflix's answering deadlines should not commence to run until the Court settled on the final form of the AOB. Specifically, Appellants requested that, as a condition for accepting their substituted brief, the Court reset the answering brief deadline. *See id.* at 17 ("In addition, the Court should reset Defendant's answering-brief schedule and deadline."). Netflix, in not opposing, did so based in part on that condition. Dkt. No. 48 at 1 ("Appellee **does not oppose** Appellants'

1

request that this Court substitute the proposed substituted (and shorter) Appellants' Opening Brief for the January 25, 2023 brief and reset the deadline for Appellee to answer as of the date this Court accepts that brief."). The current extension request effectuates that agreement.

In light of the parties' agreement to reset the Answering Brief deadline after the Court addressed the substitution motion, Netflix's extension request is particularly reasonable. Under ordinary briefing rules, Netflix would receive 30 days from March 6, 2023, plus a 30-day streamlined extension it could seek without filing a motion.[1] The current extension request adds only 21 days—or three weeks—to that framework.

*Third*, this extension is fair in light of the amount of time Appellants had to prepare the AOB. Previously, this Court extended Appellants' deadline to file the AOB by more than seven months. The AOB was originally due May 31, 2022. Dkt. No. 1-1 at 3. This Court later extended that deadline to August 18, 2022 to facilitate in-person mediation. Dkt. No. 10 at 3. After mediation was unsuccessful, Appellants sought and received a 30-day streamlined extension to September 19, 2022. Dkt. 13. On September 29, 2022, this Court granted Appellants' motion to extend that deadline by a further 30 days. Dkt. No. 18. On November 04, 2022, this Court granted Appellants' motion for a further 61-day extension. Dkt. 25. On December 30, 2022, this Court granted a further 15-day extension. Dkt. No. 29. On January 03, 2023, Appellants filed a motion to file an over-length brief. Dkt. No. 31. On January 18, 2023, this Court denied that motion, granting Appellants

---

[1] Although Netflix submitted a streamlined request for a 30-day extension on February 21, 2023, it did so understanding that its Answering Brief deadline would ultimately be reset upon resolution of Appellants' motion—restoring that 30-day streamlined extension.

seven more days to file their brief. Dkt. No. 38. Netflix seeks far less than this amount of time to draft the Answering Brief.

*Finally*, Appellants' Opening Brief makes a number of new arguments, and cites new authorities, that were not made and cited in the District Court proceedings below. *Compare*, e.g., Opening Br. at 63 (arguing "the claims here are not based upon the content but upon its secondary effects" (citing *Young v. Am. Mini Theatres*, 427 U.S. 50, 52 (1976)); *with* 3-ER-447-449 (not making this argument or citing this authority); 3-ER-406-408 (same)). This Court has no need to address any potential waiver issues in resolving this extension motion, and Netflix is not asking the Court to do so. Netflix merely observes that the additional time it requests is, for this reason as well, reasonable to permit it to review these new arguments and this new authority and adequately respond.

***

Thus, for the reasons specified herein, and those detailed in the attached declaration of J. Max Rosen, Netflix respectfully requests that this Court extend its deadline to file its answering brief by 60 days to and including May 26, 2023.

DATED: March 13, 2023

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By:     */s/ Blanca F. Young*
      BLANCA F. YOUNG
Attorneys for Appellee NETFLIX, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: March 13, 2023            Respectfully submitted,

                                              */s/ Blanca F. Young*
                                      BLANCA F. YOUNG