**CASE NO. 22-15260**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

THE ESTATE OF ISABELLA "BELLA", et al.

*Appellants,*

vs.

NETFLIX, INC.

*Appellee.*

Appeal From The United States District Court,
Northern District of California, Case No. 4:21-cv-06561-YGR,
Hon. Yvonne Gonzalez Rogers

DECLARATION OF J. MAX ROSEN IN SUPPORT OF APPELLEE NETFLIX, INC.'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME FILE THE ANSWERING BRIEF

| | |
|---|---|
| MUNGER, TOLLES & OLSON LLP | MUNGER, TOLLES & OLSON LLP |
| Blanca F. Young | Jennifer L. Bryant |
| J. Max Rosen | Cory M. Batza |
| 560 Mission Street | 350 South Grand Avenue |
| Twenty-Seventh Floor | Fiftieth Floor |
| San Francisco, California 94105-2907 | Los Angeles, California 90071-3426 |
| Telephone: (415) 512-4000 | Telephone: (213) 683-9100 |
| Facsimile: (415) 512-4077 | Facsimile: (213) 687-3702 |

Attorneys for Appellee NETFLIX, INC.

50276058.1

# **DECLARATION OF J. MAX ROSEN**

I, J. Max Rosen, declare as follows:

1. I am a lawyer at Munger, Tolles & Olson LLP and counsel of record for Appellee Netflix, Inc. in this matter. I make this declaration in support of Netflix's unopposed motion for an extension of time file the answering brief, and pursuant to Ninth Circuit Rule 31-2.2(b). The contents of this declaration are based on my personal knowledge. If called as a witness, I could and would testify competently to the facts in this declaration.

2. Netflix's answering brief is currently due on March 27, 2023.

3. The answering brief was originally due February 24, 2023.

4. Netflix now requests—with the consent of Appellants—a 60-day extension of time to and including May 26, 2023.

5. The reason for the extension are four-fold. First, Appellants' Opening Brief was only accepted by this Court in its final form on March 6, 2023. On January 3, 2023, Appellants sought leave to submit a brief more than twice the word limit. Dkt. No. 31. On January 18, 2023, this Court denied that motion. Dkt. No. 38. On January 25, 2023, Appellants submitted their opening brief. Dkt. No. 39. Shortly thereafter, however, counsel for Netflix notified them that the brief was still over the word limit. On February 06, 2023, Appellants submitted a motion "to file substituted brief, to reset answering-brief deadline, and to clarify appellate rules 32(f)-(6)." Dkt. No. 44. Netflix responded by not opposing that motion. Dkt. No. 48. On March 6, 2023, this Court granted that motion. Dkt. No. 53. Thus, Netflix did not have confirmation on the final form of the Opening Brief until March 6, 2023.

6. Second, in their briefing on Appellants' motion to file a substitute brief (Dkt. No. 44), Appellants specifically requested that, as a condition for accepting their substituted brief, the Court would reset the answering brief deadline. *See id.* at 17 ("In addition, the Court should reset Defendant's answering-brief schedule and deadline."). Netflix, in not opposing, did so based in part on that condition. Dkt. No. 48 at 1 ("Appellee **does not oppose** Appellants' request that this Court substitute the proposed substituted (and shorter) Appellants' Opening Brief for the January 25, 2023 brief and reset the deadline for Appellee to answer as of the date this Court accepts that brief."). Although Netflix submitted a streamlined request for a 30-day extension on February 21, 2023, it did so understanding that its answering brief deadline would ultimately be reset upon resolution of Appellants' motion—restoring that 30-day streamlined extension. The parties' agreement in this briefing reflected an understanding that Netflix's time to respond to the Opening Brief should not run until this Court settled the final version of that brief. The current extension request effectuates that agreement.

7. Resetting the Answering Brief deadline per the parties' agreement makes Netflix's extension request particularly reasonable. That agreement would reset the Answering Brief deadline as of March 6, 2023. Under ordinary briefing rules, Netflix would receive 30 days from March 6, 2023, plus a 30-day streamlined extension it could seek without filing a motion. The current extension request adds only 21 days—or three weeks—to that framework.

8. Third, this extension is fair in light of the amount of time Appellants had to prepare the Opening Brief. This is Netflix's first motion for an extension of time. Previously, this Court extended Appellants' deadline to file their brief by more than seven months. The Opening Brief was originally due May 31, 2022.

Dkt. No. 1-1 at 3. This Court later extended that deadline to August 18, 2022 to facilitate in-person mediation. Dkt. No. 10 at 3. After mediation was unsuccessful, Appellants sought and received a streamlined extension to September 19, 2022. Dkt. 13. On September 29, 2022, this Court granted Appellants' motion to extend that deadline by 30 days. Dkt. No. 18. On November 04, 2022, this Court granted Appellants' further motion for a 61-day extension. Dkt. 25. On December 30, 2022, this Court granted a further 15-day extension. Dkt. No. 29. On January 03, 2023, Appellants filed a motion to file an over-length brief. Dkt. No. 31. On January 18, 2023, this Court denied that motion, granting Appellants seven more days to file their brief. Dkt. No. 38.

9. Finally, Appellants' Opening Brief makes a number of new arguments, and cites new authorities, that were not referenced before the District Court below. *Compare*, e.g., Opening Br. at 63 (arguing "the claims here are not based upon the content but upon its secondary effects" (citing *Young v. Am. Mini Theatres*, 427 U.S. 50, 52 (1976)); *with* 3-ER-447-449 (not making this argument or citing this authority); 3-ER-406-408 (same)). This Court has no need to address any potential waiver issues in resolving this extension motion, and Netflix is not asking the Court to do so. Netflix merely observes that the additional time it requests is, for this reason as well, reasonable to permit it to review these new arguments and this new authority and adequately respond.

10. On March 7, 2023, undersigned counsel for Netflix emailed counsel for Appellants to confirm Netflix intended to seek an extension. Counsel for Appellants responded on March 8, 2023 that "Plaintiffs don't oppose Defendant's request for a further 60-day extension of time."

11. The court reporter is not in default with regard to any designated transcripts.

I declare under penalty of perjury under the laws of the United States and the State of California that foregoing is true and correct, and that this declaration was executed on March 13, 2023 in San Francisco, California

DATED:  March 13, 2023       MUNGER, TOLLES & OLSON LLP

By:     */s/ J. Max Rosen*
      J. MAX ROSEN
Attorneys for Appellee NETFLIX, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: March 13, 2023      Respectfully submitted,

                                                 */s/ Blanca F. Young*
                                                 BLANCA F. YOUNG