Case No. 22-15260

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THE ESTATE OF ISABELLA "BELLA", et al.

*Appellants,*

vs.

NETFLIX, INC.

*Appellee.*

Appeal From The United States District Court,
Northern District of California, Case No. 4:21-cv-06561-YGR,
Hon. Yvonne Gonzalez Rogers

DECLARATION OF J. MAX ROSEN IN SUPPORT OF APPELLEE NETFLIX, INC.'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME FILE THE ANSWERING BRIEF BY 14 DAYS

| MUNGER, TOLLES & OLSON LLP | MUNGER, TOLLES & OLSON LLP |
|---|---|
| Blanca F. Young | Jennifer L. Bryant |
| J. Max Rosen | Cory M. Batza |
| 560 Mission Street | 350 South Grand Avenue |
| Twenty-Seventh Floor | Fiftieth Floor |
| San Francisco, California 94105-2907 | Los Angeles, California 90071-3426 |
| Telephone: (415) 512-4000 | Telephone: (213) 683-9100 |
| Facsimile: (415) 512-4077 | Facsimile: (213) 687-3702 |

Attorneys for Appellee NETFLIX, INC.

## **DECLARATION OF J. MAX ROSEN**

I, J. Max Rosen, declare as follows:

1. I am a lawyer at Munger, Tolles & Olson LLP and counsel of record for Appellee Netflix, Inc. in this matter. I make this declaration in support of Netflix's second unopposed motion for an extension of time to file the answering brief, and pursuant to Ninth Circuit Rule 31-2.2(b). The contents of this declaration are based on my personal knowledge. If called as a witness, I could and would testify competently to the facts in this declaration.

2. Netflix's answering brief is currently due on May 26, 2023.

3. The answering brief was originally due February 24, 2023.

4. On March 13, 2023, Netflix requested, and this Court granted, a 60-day extension of time to and including May 26, 2023. (Dkt. Nos. 55, 56).

5. Netflix now requests a second extension of 14 days, to and including June 9, 2023.

6. The reasons for the requested additional 14-day extension are three-fold. First, Appellants' opening brief was only accepted by this Court in its final form on March 6, 2023. On January 3, 2023, Appellants sought leave to submit a brief more than twice the word limit. Dkt. No. 31. On January 18, 2023, this Court denied that motion. Dkt. No. 38. On January 25, 2023, Appellants submitted their opening brief. Dkt. No. 39. Shortly thereafter, however, counsel for Netflix notified them that the brief was still over the word limit. On February 06, 2023, Appellants submitted a motion "to file substituted brief, to reset answering-brief deadline, and to clarify appellate rules 32(f)-(6)." Dkt. No. 44. Netflix responded by not opposing that motion. Dkt. No. 48. On March 6, 2023, this Court granted that motion. Dkt. No. 53. Thus, Netflix did not have

1

confirmation on the final form of the opening brief until March 6, 2023. Netflix's extension is reasonable in light of that timeline.

7. Second, this second extension is fair in light of the amount of time Appellants had to prepare the opening brief. This is Netflix's second motion for an extension of time. Previously, this Court extended Appellants' deadline to file their brief by more than seven months. The Opening Brief was originally due May 31, 2022. Dkt. No. 1-1 at 3. This Court later extended that deadline to August 18, 2022 to facilitate in-person mediation. Dkt. No. 10 at 3. After mediation was unsuccessful, Appellants sought and received a streamlined extension to September 19, 2022. Dkt. 13. On September 29, 2022, this Court granted Appellants' motion to extend that deadline by 30 days. Dkt. No. 18. On November 04, 2022, this Court granted Appellants' further motion for a 61-day extension. Dkt. 25. On December 30, 2022, this Court granted a further 15-day extension. Dkt. No. 29. On January 03, 2023, Appellants filed a motion to file an over-length brief. Dkt. No. 31. On January 18, 2023, this Court denied that motion, granting Appellants seven more days to file their brief. Dkt. No. 38. The additional extension of 14 days that Netflix now requests will still result in Netflix having less time to draft the answering brief than Appellants had for the opening brief.

8. Third, Appellants' opening brief makes a number of new arguments, and cites new authorities, that were not referenced before the District Court below. *Compare*, e.g., Opening Br. at 63 (arguing "the claims here are not based upon the content but upon its secondary effects" (citing *Young v. Am. Mini Theatres*, 427 U.S. 50, 52 (1976)); *with* 3-ER-447-449 (not making this argument or citing this authority); 3-ER-406-408 (same)). This Court has no need to address any potential waiver issues in resolving this extension motion, and Netflix is not asking the

2

Court to do so. Netflix merely observes that the additional time it requests is, for this reason as well, reasonable to permit it to review these new arguments and this new authority and adequately respond.

9. On May 15, 2023, undersigned counsel for Netflix emailed counsel for Appellants to request that Appellants consent to a further 14-day extension. On that same day, counsel for Appellants responded, consenting to the extension request. Appellants likewise consented to Netflix's first extension request.

10. The court reporter is not in default with regard to any designated transcripts.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this declaration was executed on May 15, 2023 in San Francisco, California

DATED: May 15, 2023    MUNGER, TOLLES & OLSON LLP

By:  */s/ J. Max Rosen*
J. MAX ROSEN
Attorneys for Appellee NETFLIX, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: May 15, 2023        Respectfully submitted,

                                        */s/ Blanca F. Young*
                                      BLANCA F. YOUNG