No. 22-15260

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

THE ESTATE OF ISABELLA "BELLA" HERNDON, et al.

*Plaintiffs-Appellants*,

vs.

NETFLIX, INC.

*Defendant-Appellee*.

Appeal From The United States District Court,
Northern District of California, Case No. 4:21-cv-06561-YGR,
Hon. Yvonne Gonzalez Rogers

APPELLEE NETFLIX, INC.'S MOTION TO STRIKE APPELLANTS'
RESPONSE WITH RESPECT TO THE MOTION OF PROPOSED AMICUS
CURIAE FIRE ET AL.

| MUNGER, TOLLES & OLSON LLP | MUNGER, TOLLES & OLSON LLP |
|---|---|
| Blanca F. Young | Jennifer L. Bryant |
| J. Max Rosen | Cory M. Batza |
| 560 Mission Street | 350 South Grand Avenue |
| Twenty-Seventh Floor | Fiftieth Floor |
| San Francisco, California 94105-2907 | Los Angeles, California 90071-3426 |
| Telephone: (415) 512-4000 | Telephone: (213) 683-9100 |
| Facsimile: (415) 512-4077 | Facsimile: (213) 687-3702 |

Attorneys for Appellee NETFLIX, INC.

On June 22, 2023, Appellants filed a 16-page, 3,341-word brief for the ostensible purpose of telling the Court that they did not oppose Professor Eugene Volokh's motion for leave to file an amicus brief. Dkt. No. 72, at 16. The brief, however, is a transparent attempt to circumvent the word limit for Appellants' reply brief on the merits, adding more than 3,000 words of substantive argument under the guise of a non-opposition that should have been only a docket entry. Under principles of fairness and appellate procedure, this Court should strike it.

Under this Circuit's rules, Appellants have 7,000 words for their reply brief on the merits—any more requires leave of Court. *See* Fed. R. App. Pro. 32(a)(7)(B)(ii); Circ. Rule 32-1(b). Under the Federal Rules of Appellate Procedure, Appellants may include in their reply a rebuttal to the substantive arguments made in Professor Volokh's brief. That is why, under those rules, an *amicus* submitting a brief in support of a party must file it "no later than 7 days after the principal brief of the party being supported is filed"—precisely so the opposing party may respond in due course in their merits brief. Fed. R. App. Pro. 29(a)(6).

A non-opposition to a motion for leave is not the appropriate place for such argument—let alone 16 pages of it. Instead, when all parties consent to the filing of an *amicus* brief, this Court need not even consider a motion for leave to file at all. *See* Fed. R. App. Pro. 29(a); Circ. Adv. Comm. Note to Rule 29-2 (under Fed.

R. App. Pro. Rule 29(a) and Circ. Rule 29-2, "[o]btaining such consent [of all parties to the filing of the brief] relieves the Court of the need to consider a motion."). Consistent with those rules, when Cindy Ku sought to file an *amicus* brief in support of Appellants, Netflix promptly noticed its consent in a docket entry, as this Court's pacer rules contemplate. *See* Dkt. No. 43. Professor Volokh requested the same courtesy from Appellants, emailing Appellants' counsel on June 2—10 days before filing his motion for leave to file an *amicus* brief—to seek their consent and obviate the need for that motion. Appellants never responded to Professor Volokh's email, opting instead to file a brief making 16 pages of substantive arguments on what they assert to be the "central fact of this appeal": "algorithmic control." Dkt. No. 72 at 4; *id.* at 4-16.

    Appellants' conduct thwarts the rules of appellate procedure, effectively giving them 10,000 words for their reply brief, instead of 7,000. That Appellants purport to do this as part of a manufactured musing on the "relevance" requirement only gives away the store: Professor Volokh's brief is obviously relevant, and in any event, by not opposing leave to file, Appellants have mooted any need for this Court to review the motion for leave. *E.g.*, Dkt. No. 72, at 2-4. These are not "relevance" arguments appropriate in a non-opposition to leave. Instead, a cursory review of the filing makes clear that, beginning on page 4, it is simply a

substantive brief on the merits of the case that could—and should—have been included in a reply. *See id.* at 4-16.

Appellants have a history of attempting to bypass the word limits that this Circuit applies to principal briefs. *See, e.g.*, Dkt. No. 34 (Appellee Netflix, Inc.'s Opposition To Appellants' Motion For Leave To Exceed The Type-Volume Limitations For The Opening Brief); Dkt. No. 36 (Appellee Netflix, Inc.'s Motion To Strike Corrected Dkt. 31); Dkt. No. 38 (Order Denying Appellants' Motion To File An Oversized Brief). This Court should not permit them to continue this practice by adding thousands of words of briefing through their purported non-opposition. Appellants are welcome to include their substantive arguments in their reply brief, of course. What they are not permitted to do is avoid the word limit by including that briefing in a collateral non-opposition to a motion for leave to file an amicus brief.

In the alternative, Appellee requests that this Court subtract 3,000 words from the reply brief's word limit—to reflect the 3,000-word supplemental brief Appellants have effectively filed.

DATED: June 27, 2023

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By: */s/ Blanca F. Young*
BLANCA F. YOUNG
Attorneys for Appellee NETFLIX, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

DATED: June 27, 2023         Respectfully submitted,

By: */s/ Blanca F. Young*
       BLANCA F. YOUNG

## CERTIFICATE OF SERVICE

I, Blanca F. Young, hereby certify that on this 27th day of June, 2023, copies of the foregoing APPELLEE NETFLIX, INC.'S MOTION TO STRIKE APPELLANTS' RESPONSE WITH RESPECT TO THE MOTION OF PROPOSED AMICUS CURIAE FIRE ET AL. was served via U.S. Mail, on the following:

Cindy Ku
731 Market Street, Suite 200
San Francisco, CA 94103
Telephone: (415) 691-7447
Email: Ckuku17@gmail.com

Michal Lavi
Hadar Jabotinsky Center for Interdisciplinary Research
 of Financial Markets, Crisis and Technology
29 Ha'Oren Street
P.O. Box 80, Timrat, 3657600 ISRAEL

Respectfully submitted,

*/s/ Blanca F. Young*
Blanca F. Young

1