**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE ESTATE OF ISABELLA "BELLA" HERNDON; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> NETFLIX, INC., <br><br> Defendant-Appellee. | No. 22-15260 <br><br> D.C. No. 4:21-cv-06561-YGR <br> Northern District of California, Oakland <br><br> ORDER |

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

On February 24, 2025, the Supreme Court granted certiorari in *Estate of Herndon v. Netflix, Inc.*, No. 22-15260 (2/15/24), vacated the judgment, and remanded for reconsideration in light of *Royal Canin, U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). Dkt. 125. In *Royal Canin*, the Court held that when plaintiffs amend their complaint after removal to "delete all the federal-law claims," the "federal court loses its supplemental jurisdiction over the related state-law claims" and "[t]he case must therefore return to state court." *Id.* at 25.

Because the district court evaluated subject matter jurisdiction in light of Plaintiffs-Appellants' initial complaint, and not their first amended complaint, we remand to the district court to consider in the first instance whether Plaintiffs-Appellants' first amended complaint confers subject matter jurisdiction under the

Class Action Fairness Act.

**REMANDED.**