# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr>
<td>
THE ESTATE OF ISABELLA "BELLA"<br>
HERNDON, ET AL.,<br><br>
    *Plaintiffs-Appellants,*<br><br>
    v.<br><br>
NETFLIX, INC.,<br><br>
    *Defendant-Appellee.*
</td>
<td>
No. 22-15260
</td>
</tr>
</table>

## OBJECTION TO BILL OF COSTS
## PURSUANT TO FRAP 39(d)(2) AND NINTH CIRCUIT RULE 39-1.5

The bill of costs submitted by plaintiffs-appellants ("appellants") in this matter, which seeks costs associated with briefing and excerpts of record that they submitted to this Court in 2023 and 2024, *see* ECF No. 147, should be denied. Under Federal Rule of Appellate Procedure 39, appellants are not entitled to any costs.

Pursuant to Rule 39, "if a judgment" of the district court is "affirmed" by this Court, "costs are taxed *against* the appellant." Fed. R. App. P. 39(a)(2). Here, the principal brief, reply brief, and excerpts of record that appellants list in their bill of costs were submitted in connection with an appeal decided in 2024 in which this Court *affirmed* the district court's judgment in favor of appellee Netflix, Inc. ("Netflix")—a circumstance under which appellants are decidedly *not* entitled to

1

recover costs on appeal. *See* ECF Nos. 30, 45, 53, 89, 90, 95, 111; Fed. R. App. P. 39(a)(2).

The Supreme Court subsequently vacated this Court's affirmance to allow for further proceedings in light of a Supreme Court decision that issued after this Court rendered its decision, *see* ECF Nos. 125, 133, 144—but that does not entitle appellants to costs, for multiple reasons. First, as this Court recently concluded, the Supreme Court's action does not make an ultimate victory for appellants in any way a foregone conclusion. This Court remanded the case to the district court for that court to decide in the first instance whether a Supreme Court decision issued after this Court decided the appeal in 2024 affects the judgment in favor of Netflix, *see* ECF No. 144; *see also* ECF Nos. 126, 132—and there is a very good chance that the district court will rule that the Supreme Court decision has no effect and that Netflix remains the victor in full, *see* ECF Nos. 129, 134, 143 (Netflix filings explaining why the intervening decision does not change the result).

Appellants cannot be awarded appellate costs now on the chance that they might *conceivably* someday prevail in the district court in light of a decision that issued after this Court rendered its original judgment. And certainly appellants have not obtained a reversal of the district court's original judgment such that they would be entitled to costs under Rule 39(a)(3).

2

Second, even assuming, in light of this Court's recent remand, that this case might be thought to present a situation in which "a judgment is affirmed in part, reversed in part, modified, or vacated," Fed. R. App. P. 39(a)(4), appellants are still not entitled to costs. Rule 39(a)(4) provides that, in that circumstance, "costs are taxed only as" this Court "orders." *Id.*; *see City of San Antonio v. Hotels.com*, 593 U.S. 330, 336 (2021) (word "court" in Rule 39(a)(4) "means the court of appeals," not the Supreme Court or some other court). And there is no basis for this Court to exercise discretion to tax costs in favor of appellants under the circumstances. As noted above, it is likely that the ultimate result in this case will be exactly the one at which this Court arrived before the subsequent Supreme Court decision—i.e., one in which Netflix is the prevailing party in every respect. And certainly no basis exists for this Court to predict any different result at this juncture. In addition, appellants unsuccessfully fought in this Court Netflix's request that the district court be allowed to decide for itself whether the Supreme Court decision has any effect on the outcome here, *see* ECF No. 142—so this Court's remand to the district court for that court to make exactly that decision represents a loss for appellants, not a victory.

Contrary to appellants' suggestion, the fact that the Supreme Court awarded appellants the costs that they incurred in the proceedings *in that Court* is entirely irrelevant. The Supreme Court has its own separate rule on costs. *See* S. Ct. R. 43.

3

That Court is not governed by Federal Rule of Appellate Procedure 39 as this Court is—and nothing in the Supreme Court's actions dictates any particular outcome under Rule 39, which focuses on how appellants have fared *in this Court*. *See* Fed. R. App. P. 39(a).

Appellants try to avoid that conclusion by citing *City of San Antonio v. Hotels.com*, 593 U.S. 330 (2021), but that decision does not help appellants. *City of San Antonio* addresses Rule 39(e), which "lists four categories of 'costs on appeal' that 'are taxable in the district court for the benefit of the party entitled to costs under this rule.'" *Id.* at 333. The Supreme Court held that when a district court is asked to task costs that were incurred in the court of appeals, "Rule 39 does not permit a district court to alter a court of appeals' allocation of the costs listed in subdivision (e) of that Rule." *Id.* at 336; *see id.* at 338, 340 (explaining that "Rule 39 gives discretion over the allocation of appellate costs to the courts of appeals" and that "district courts" do not "have the discretion to alter the allocation of appellate costs"). But Rule 39(e) has nothing to say about the relationship between a costs decision by the Supreme Court under its own separate rules and a costs decision by this Court under Rule 39, and appellants have not asked this Court to address any costs incurred in the Supreme Court. *City of San Antonio* therefore does not support any award of costs here.

4

# CONCLUSION

Netflix respectfully requests that this Court deny the bill of costs in its entirety.

Respectfully submitted,

Dated: June 10, 2025

*/s/ Elaine J. Goldenberg*
MUNGER, TOLLES & OLSON LLP

Blanca F. Young
J. Max Rosen
560 Mission Street
  Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Blanca.Young@mto.com

Elaine J. Goldenberg
601 Massachusetts Avenue NW
  Suite 500E
Washington, DC 20001
Telephone: (202) 220-1100
Elaine.Goldenberg@mto.com

*Counsel for Defendant-Appellee*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 32 of the Federal Rules of Appellate Procedure, the undersigned counsel hereby certifies that this objection to the bill of costs complies with the requirements set forth in the applicable rules. This objection complies with FRAP 39(d)(2) and Circuit Rules 27-1(1)(d) and 39-1.5 because the objection, which contains 920 words, does not exceed 10 pages in length.


Dated: June 10, 2025                    */s/ Elaine J. Goldenberg*
                                        Elaine J. Goldenberg

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using CM/ECF.


Dated:  June 10, 2025                    */s/  Elaine J. Goldenberg*
                                         Elaine J. Goldenberg